## McCowan and Others *v.* Whitesides.

Injunction.—*Nuisance.*— *Obstructing Highway.*—A private person cannot enjoin the obstructing of a public highway without showing a special and pe-

culiar injury to himself, not common to the public. The fact that the injury to such person is greater in degree than that to others does not entitle him to such relief. The injury may be to more than one person, but must not embrace the entire public.

SAME.—In a complaint to enjoin the obstructing of a public highway, the only averments connecting the plaintiffs with the highway were, "that it is their usual, convenient, and necessary route of travel from their houses, which are all on, or in the vicinity of, the road, to their market town and usual place of business; and that without greater or less circuity, when the road is so obstructed, they and each of them have no other means, nor have the public wishing to use the road, of going to and fro, as they have a right to do, for business, comfort, and pleasure."

*Held,* that the complaint was bad on demurrer.

APPEAL from the Wabash Circuit Court.

GREGORY, J.—The court below sustained a demurrer to the complaint, and rendered final judgment against the appellants.

The complaint was for an injunction against Whitesides, to enjoin him from obstructing a highway.

The obstruction complained of was the building of a fence across the road. The complaint shows no impending damage special to the appellants.

The only averments in any way connecting the plaintiffs with the highway are, "that it is their usual, convenient, and necessary route of travel from their houses, which are all on, or in the vicinity of, the road, to Wabash, their market town and usual place of business; and that without greater or less circuity, when the road is so obstructed, they and each of them have no other means, nor have the public wishing to use the road, of going to and fro, as they have a right to do, for business, comfort, and pleasure."

The question in the case is, can a private person enjoin the obstructing of a public highway without showing a special injury to himself, not common to the public?

It is claimed, that the appellants have a property interest in the road, which a court of equity is bound to protect against the wrong-doer.

The appellants have no legal right that can be enforced at law. *Willard* v. *City of Cambridge,* 3 Allen, 574. Nor can

a bill in equity for the abatement of the nuisance be maintained. *Hartshorn* v. *Inhabitants of South Reading*, 3 Allen, 501; *Brainard* v. *Connecticut River R. R.*, 7 Cush. 506; *Harvard College* v. *Stearns*, 15 Gray, 1.

The rule is well stated in the latter case, thus: "that for an injury common to all, arising from a public nuisance, the remedy is by an indictment or public prosecution. But if an individual suffers a peculiar and special damage not common to the public, he may have his private action."

The difficulty in this class of cases arises from the fact that the line of discrimination between the cases where a private action for such obstruction does or does not lie is not very clearly or satisfactorily established.

In the case at bar, if the bill had been filed by some one whose lands bordered on the road, and facts had been averred showing an injury to the lands of the plaintiff, by reason of the nuisance, then undoubtedly a remedy would have been afforded. It is averred, that the houses of the plaintiffs are all on, or in the vicinity of, the road. Under this allegation they may all be in the vicinity, and not on the road.

The fact that the injury to the appellants is greater in degree than that to others, does not entitle them to the relief sought; the injury must be special and peculiar. It may be to more than one, but must not embrace the entire public.

The court committed no error in sustaining a demurrer to the complaint.

Judgment affirmed, with costs.

*J. U. Pettit* and *W. G. Sayre*, for appellants.

*W. March*, for appellee.