PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. NOFTSGER.

[No. 18,197.    Filed May 25, 1897.]

| | |
|---|---|
| 148 | 101 |
| 149 | 281 |
| 150 | 551 |
| 151 | 500 |
| 148 | 101 |
| 153 | 647 |

HIGHWAYS.— *Obstructions.— Damages to Abutting Owner.—* The owner of real estate abutting on a public highway cannot maintain an action for the obstruction of such highway unless some special injury, one not common to all who use the highway, has been sustained, where such abutting owner is not the owner in fee simple of any part of the highway. *p. 104.*

| | |
|---|---|
| 148 | 101 |
| 154 | 555 |
| 154 | 556 |
| 154 | 587 |
| 148 | 101 |
| 158 | 222 |
| 148 | 101 |
| 161 | 323 |

SAME—*Obstructions.—Damages to Abutting Owner.—Special Damages.*—The obstruction of a public highway by a railroad switch in such manner as to materially interrupt an abutting property owner in his means of access to his property, is a special injury, different in kind from that suffered by the public generally, and entitles such abutting owner to maintain an action for damages for such obstruction, notwithstanding such abutting owner is not the owner in fee of any part of the highway. *pp. 104, 105.*

| | |
|---|---|
| 148 | 101 |
| 168 | 622 |
| 148 | 101 |
| f171 | 556 |
| 171 | 603 |

EVIDENCE.—*Intention of Party.*—When the character of an act depends upon the intent with which it was done, the party may testify as to such intention. *p. 106.*

Pittsburgh, Cincinnati, Chicago and St. Louis R. W. Co. *v.* Noftsger.

SAME.—*Dedication of Land to Public Use.—Intention of Party.*—Where the declarations, acts, and conduct of a landowner are such as fairly and naturally lead to the conclusion that he intended to dedicate land to public use, and others have in good faith acted upon such acts and declarations, the fact that the landowner may have entertained a different intention from that manifested by his acts and declarations cannot prevail against the force of his conduct and acts upon which the public or those dealing with him have relied. *pp. 106, 107.*

INSTRUCTION.—*Highways.—Obstructions.—Damages to Abutting Owner.*—In an action against a railroad company by an abutting owner for maintaining a switch in a public highway, an instruction that the jury might "take into consideration the injury to the property, if any, naturally resulting from building the switch, in rendering the same inconvenient of access, if it was so rendered, or in any manner causing the same to be less suitable for use, together with the increased danger from fire emitted from the locomotives, and the decreased rental value of the property, together with all the facts proven which show a natural and necessary decrease in the value of the property," is erroneous where such abutting owner was not the owner in fee simple of any part of the highway. *pp. 107, 109.*

SAME.—*Erroneous Instruction.—How Cured.*—An erroneous instruction cannot be cured by giving an instruction excluding some of the elements included in such erroneous instruction, but must be withdrawn from the jury. *p. 109.*

SAME.—*Inconsistent Instruction.*—Where two or more instructions are inconsistent and calculated to mislead the jury, or leave them in doubt as to the law, it is cause for reversal. *p. 109.*

APPEAL AND ERROR.—*Bill of Exceptions.—Evidence.—When Not All in Record.*—Where the bill of exceptions purporting to contain all of the evidence shows upon its face that it does not, this court will not consider the sufficiency of the evidence to sustain the verdict of the jury or the finding of the court. *pp. 109, 110.*

HIGHWAYS.—*Obstructions.—Damages to Abutting Owner.*—The damages recoverable by an abutting landowner against a railroad company for maintaining a switch in a highway must be confined to the land described in the complaint and cannot include damages to another tract of land belonging to plaintiff in close proximity to the land described. *p. 110.*

From the Madison Circuit Court. *Reversed.*

*G. M. Ballard, C. M. Greenlee, J. A. Van Osdol* and *John L. Rupe,* for appellant.

*J. W. Perkins, Perry Behymer* and *W. H. Jones,* for appellee.

MONKS, J.—Appellee brought this action to recover damages for the construction of a switch by appellant from its main track over a strip of ground adjoining appellee's premises, upon the theory that the same was a public highway. Appellant's demurrer to the complaint for want of facts was overruled. The cause was tried by a jury and a special verdict returned, upon which, over appellant's motion for a judgment in its favor, and a motion for a new trial, judgment was rendered in favor of appellee.

The errors assigned and not waived, call in question the action of the court, in overruling the demurrer to the complaint, the motion for a judgment upon the verdict in favor of appellant, the motion for a new trial, and in sustaining appellee's motion for a judgment in her favor.

It appears from the complaint, that the heirs of Job W. Warner, deceased, owned twenty-five acres of land outside the corporate limits of Elwood, Indiana, in the northeast corner of section nine. There was a highway on the north line of said section, thirty feet wide, one-half of which was located on said real estate, and a highway on the east line of said section, one-half of which was located on said real estate. Said heirs sold and conveyed to appellee a part of said twenty-five acres, which was described as follows: "Beginning at a point thirty feet south, and thirty-three feet west of the northeast corner of section 9, township 21 north, of range 6 east, running thence south 120 feet, thence west 147 feet, thence north 120 feet, and thence east 147 feet, to the place of beginning." Such description left a strip fifteen feet wide between the real estate conveyed to appellee and the highway

on the north, and a strip thirteen feet wide between the real estate conveyed to appellee and the highway on the east. Afterwards appellant built a switch running east and west upon said strip fifteen feet wide, adjoining appellee's real estate on the north. The allegations in the complaint are sufficient to show that the parcel of real estate fifteen feet wide, bounded by the south side of the highway on the north and appellee's real estate on the south, was dedicated by the owners thereof to the public use, and it became a part of the public highway before said switch was built by appellant. If said parcel of real estate was so dedicated to the public use, the south boundary of said highway so widened became the north boundary of appellee's real estate, and she was entitled to use the same as a means of ingress and egress to her premises upon which she resided. Appellee, under such circumstances, would not be the owner in fee simple of any part of such highway, or of any real estate either north of her north line or east of her east line. Appellee cannot, therefore, maintain an action for the obstruction of said highway, unless she has sustained some special injury, one not common to all who use the highway. *Indiana, etc., R. W. Co.* v. *Eberle*, 110 Ind. 547, 552; *Ross* v. *Thompson*, 78 Ind. 90; *Dwenger* v. *Chicago, etc., R. W. Co.*, 98 Ind. 153, 156, and cases cited; *People's Gas Co.* v. *Tyner*, 131 Ind. 277, 283, and cases cited; *Haslett* v. *New Albany, etc., R. R. Co.*, 7 Ind. App. 603.

The allegations in the complaint show, however, that appellant's switch as constructed east and west along said alleged public highway, although not upon appellee's real estate, materially interrupted appellee's means of access to her property; this is a special injury different in kind from that suffered by the public generally, and entitles appellee to maintain an

action for damages. *Indiana, etc., R. W. Co. v. Eberle, supra; Grand Rapids, etc., R. R. Co. v. Heisel,* 38 Mich. 62, 31 Am. Rep. 306. We think, therefore, that the court did not err in overruling the demurrer to the complaint. As to what allegations are necessary to show that the owner of real estate abutting on a highway owns the fee simple to the middle of such highway, see *Erwin v. Central Union Tel. Co., post,* 365.

One of the questions to be determined under the allegations in the complaint was, whether the real estate upon which appellant had constructed its switch was in the public highway. Appellant's contention was that the ground upon which the switch was laid was no part of the public highway; that the heirs of Job W. Warner, the owners of said twenty-five acre tract, after the conveyance to appellee, sold and conveyed to appellant said strip fifteen feet wide north and south, and extending the entire length of said twenty-five acre tract east and west; the north boundary being the south line of the highway running east and west on the north line of said section 9, and the south boundary being the north line of the real estate conveyed to appellee, and that the switch was constructed on said strip, conveyed to and owned by appellant. Appellee's contention was, that before the conveyance to appellant, said real estate had been dedicated to the public use by the Warner heirs, the owners thereof, and that the same was, when conveyed to appellant, a part of the highway. During the progress of the trial appellee, as tending to show said dedication, proved by several witnesses that after the conveyance to appellee the Warner heirs removed the fence on the line between the highway and the real estate afterwards conveyed to appellant, thus leaving said real estate uninclosed. Appellant, at the proper time, offered to prove by a competent witness that

said fence was removed and said real estate left unin-
closed without any intention to make the same a part
of the public highway or in any way to dedicate the
same to the public use. The court excluded the evi-
dence offered, and this is assigned as one of the causes
for a new trial. It is contended by appellee that evi-
dence of acts only was admissible, and that intention
being only an operation of the mind, it was not com-
petent for the witness to state the intent with which
the act was done. It is the law in this State, however,
that when the character of an act depends upon the
intent with which it was done, the party may testify
as to such intention. *Bidinger* v. *Bishop*, 76 Ind. 244,
255, and authorities cited; *Sedgwick, Admr.,* v. *Tucker*, 90
Ind. 271, 281; *Heap* v. *Parrish*, 104 Ind. 36, 40, and
cases cited. Appellee having given evidence of the
removal of said fence as tending to show a dedication,
it was error for the court to exclude evidence of the
intention with which such act was done. This is not
in conflict with the case of *City of Columbus* v. *Dahn*,
36 Ind. 330, cited by appellee. In that case a witness
was allowed by the trial court to testify that he never
intended to dedicate certain real estate as a street,
which was properly held error. The witness in that
case was not asked the intention with which he had
done any particular act which had been proven, as
tending to show a dedication, as in this case, but as
to his intention generally, not connected with any
act. Under the authorities, a party may testify as to
the intention with which he did any act when such
intention is material, but not as to his intention dis-
connected from any act. We adhere to the rule de-
clared in *City of Columbus* v. *Dahn, supra; Faust* v. *City
of Huntington*, 91 Ind. 493, and *City of Indianapolis* v.
*Kingsbury*, 101 Ind. 201, that when the declaration,
acts, and conduct of the landowner are such as fairly

and naturally lead to the conclusion that he intended to dedicate the land to public use, and others have in good faith acted upon his open acts and declaration, the fact that the landowner may have entertained a different intention from that manifested by his acts and declarations is of no consequence; such secret intentions cannot prevail against the force of his conduct and acts, upon which the public or those dealing with him have relied.

The court instructed the jury concerning the measure of damages, that they might "take into consideration the injury to the property, if any, naturally resulting from building the switch, in rendering the same inconvenient of access, if it was so rendered, or in any manner causing the same to be less suitable for use, together with the increased danger from fire emitted from the locomotives, and the decreased rental value of the property, together with all the facts proven which show a natural and necessary decrease in the value of the property." It was the duty of the jury to assess the damages upon the theory that the switch was constructed upon the public highway, and that appellee was not the owner in fee simple of any part of said highway. This charge invited the jury into the broadest field of inquiry and to the consideration of all possible elements affecting the value of the property, and ignored entirely the settled rule that, as appellee has only the right of abutting owner, and has no right growing out of the ownership of the fee in the highway, she cannot recover any damages for injuries common to the community in general, but she is confined to damages for such injuries as are substantially different in kind from those suffered by the community in general.

In *Indiana, etc., R. W. Co. v. Eberle, supra*, this court said: "The community in general does not, of course,

mean those persons who use the street or highway, and yet reside at such a distance from the railroad as to suffer none of the annoyances or inconveniences incident to its construction and operation. The interest in the street which is peculiar and personal to the abutting lot owner, and which is distinct and different from that of the general public, is the right to have free access over it to his lot and building, substantially in the manner he would have enjoyed the right in case there had been no interference with the street. The right of access by way of the street is an incident to the ownership of the lot, which cannot be taken away or materially impaired without liability to the owner to the extent of the damage actually incurred. In this respect, and in this only, is the interest of the abutting property owner different in the street in front of, and beyond the line of his lot, from that of the public.

"The location and operation of a railroad upon a public highway may occasion incidental embarrassment and inconvenience to an abutting lot owner, but until it cuts off or materially interrupts his mode of access to his property, or imposes some additional burden on the soil, his injury and damages, while different in degree, are the same in kind as are those of the community at large.

"For such merely incidental damages as result from the careful construction and prudent operation of a railroad on the land of another, even though it be in a public street, the adjacent proprietor cannot recover. These are injuries common to all those whose lands are in such close proximity to a railroad which happens to be located on the land of another, as to suffer incidental injury therefrom. For such injuries or inconveniences, in the absence of a statute giving him redress therefor, the property owner is not entitled

to maintain an action. *Grand Rapids, etc., R. R. Co.* v. *Heisel,* 38 Mich. 62, 31 Am. Rep. 306; *Central Branch, etc., R. R. Co.* v. *Andrews,* 30 Kan. 590; *City of Chicago* v. *Union Building Assn.,* 102 Ill. 379, 40 Am. Rep. 598; *Rigney* v. *City of Chicago,* 102 Ill. 64." The law as declared in *Indiana, etc., R.W. Co.* v. *Eberle, supra,* was approved by this court in *Dantzer* v. *Indianapolis, etc., R. W. Co.,* 141 Ind. 604, and *Decker* v. *Evansville, etc., R. W. Co.,* 133 Ind. 493.

It was also error to include in said instruction "the increased danger from fire emitted from the locomotives," as an element of damages, for the reason that under the doctrine declared in the case last cited such damages were merely incidental, resulting from the construction and operation of said switch, and while perhaps different in degree were the same in kind as "were common to all those whose lands were in such close proximity to the switch which happened to be located on the land of another." Said error was not cured by giving an instruction which excluded some of the elements included in said erroneous instruction. The error could only have been cured by the withdrawal of the erroneous instruction from the jury, which was not done. *Wenning* v. *Teeple,* 144 Ind. 189, 195, and cases cited. Besides, if two or more instructions are inconsistent and calculated to mislead the jury or leave them in doubt as to the law, it is cause for reversal. *Wenning* v. *Teeple, supra,* p. 195, and cases cited.

Appellant insists that there is not sufficient evidence to sustain the verdict, and that the same is contrary to law. This court cannot consider these causes for a new trial, because the same depend for their determination upon the evidence, which, as affirmatively appears from the bill of exceptions, is not all in the record. The bill of exceptions shows that a deed from

Leathy Warner, widow, Josie W. Harting and Sherman Harting, her husband, dated July 28, 1894, was read in evidence, but the same is not copied into the bill of exceptions, although a blank space is left for that purpose. It is settled law in this State that, if a bill of exceptions purports to contain all the evidence, yet it is shown upon its face that it does not, this court will not consider the sufficiency of the evidence to sustain the verdict of a jury or the finding of a court. *Weaver* v. *Kennedy,* 142 Ind. 440, and cases cited; *McGinnis* v. *Boyd,* 144 Ind. 393; *Chicago, etc., R. W. Co.* v. *Eggers,* 147 Ind. 299.

It appears from the evidence and the special verdict that, in the deed conveying to appellee the parcel of real estate described in the complaint, there was also described a tract of the same size lying immediately west of said first named tract, and extending to the west line of said twenty-five acres, but separated from the first named tract by a strip sixteen feet wide. These two parcels of the twenty-five acres were owned by appellee, and the evidence as to the damages to appellee's real estate included both parcels, and the damages to both parcels were considered and assessed by the jury; while only one of said tracts, the east one, is described or mentioned in the complaint. Under the issues appellee was only entitled to recover damages for injuries to the east tract. It follows, therefore, that, for this reason, the court erred in rendering judgment upon the special verdict in favor of appellee. The description in the complaint of the twenty-five acre tract is defective because the lines do not close, unless the word "south," in the third line of the description, is read "north."

For the reasons given, the judgment is reversed, with instructions to sustain appellant's motion for a new trial, and with leave to file an amended complaint if desired.