## MARTIN ET AL v. MARKS ET AL.

[No. 18,640.   Filed May 9, 1900.]

COURTS.—*Tippecanoe Superior Court.*—*Statutory Construction.*—The act of 1875 creating the Superior Court of Tippecanoe county, giving it the same power to grant restraining orders, injunctions, writs of mandate, etc., "as is now or may hereafter be conferred on circuit courts or the judges thereof" gave such court the power to issue writs of mandate and prohibition conferred upon circuit courts by the subsequent act of 1881.   *p. 552.*

SPECIAL FINDING.—*Failure of Judge to Sign.*—*Venire De Novo.*—The failure of the trial judge to sign the special finding of facts is not ground for a *venire de novo*, since under such circumstances the finding will be treated as a general finding.   *pp. 552, 553.*

SAME.—*Signature of Judge.*—The signature of the judge to the conclusions of law following immediately after the special finding of facts constitutes a sufficient signing of the special finding of facts, where the record shows that the conclusions of law and special finding of facts constituted one written instrument.   *pp. 552, 553.*

Martin v. Marks.

INJUNCTION.—*Obstruction of Highways.—Action by Private Person.*— The owner of real estate abutting upon a highway has a peculiar and distinct interest in the highway in front of his premises, and may maintain an action for and enjoin the obstruction of such highway, even if it is not upon his real estate, if it materially impairs or interrupts his access to the highway. *pp. 553-556.*

SAME.—*Obstruction of Highways.—Damages.*—To maintain an action for the removal of an obstruction of a highway adjoining plaintiffs' premises, and for damages, it is not necessary for plaintiffs to show that they were entirely deprived of the means of access to their real estate, but it is sufficient if their means of access have been materially impaired or interfered with. *p. 556.*

SPECIAL FINDING.—*Injunction.—Obstruction of Highway.*—In an action to recover damages for the obstruction of a highway adjoining plaintiffs' premises and enjoining its continuance, it was not necessary or proper for the court to find the amount the real estate was damaged by the obstruction on the theory that it was permanent. *pp. 556, 557.*

HIGHWAYS.—*Obstruction.—Road Supervisor.*—A road supervisor may be compelled by mandate to remove obstructions from a public highway in his road district. *p. 558.*

APPEAL AND ERROR. — *Assignment of Error. — Special Findings.*— Objections that the special findings contain evidentiary facts, conclusions of law, and are outside the issues in the case, are not presented on appeal by an assignment in a motion for a new trial that the special findings are contrary to law. *p. 558.*

SPECIAL FINDING.—*Evidence.*—A finding as to the distance defendant's fence encroached upon the highway will not be disturbed on appeal, although no witness testified to the exact distance found by the court, where the distance found was within those testified to by the witnesses. *p. 559.*

HIGHWAYS.—*Obstruction.—Injunction.—Action by Private Person.*— The fact that an obstruction in a highway injured others in like manner and degree as plaintiffs, was immaterial so long as the injury was peculiar to plaintiffs, and did not embrace the public in general. *pp. 559, 560.*

SPECIAL FINDING.—*Evidence.—Highways.—Obstruction.*—A finding in an action to enjoin the obstruction of a highway with a fence that by reason of the obstruction ingress and egress to and from plaintiffs' premises was more difficult and dangerous, and required more time in effecting a passage through the gateway is sustained by evidence that in driving out of the gate the horses were not disposed to approach near the new fence on account of the barbed wire along the top thereof, that one had to drive carefully, and back, to get

Martin v. Marks.

through the gate into the highway without cramping the wagon, and that they broke corners off of hay-racks in going in, and often had to lift the end of the wagon over to get in. *pp. 560, 561.*

HIGHWAYS.—*Obstruction.—Damages.—Evidence.—Harmless Error.*— The admission of evidence as to damages, in-an action by abutting owners to enjoin the obstruction of a highway and for damages, on the theory that the obstruction was permanent was cured by the assessment of damages up to the commencement of the action, on the theory that the obstruction was temporary. *pp. 561, 562.*

SAME.—*Obstruction.—Damages.—Evidence.*—In the trial of an action by abutting owners to enjoin the obstruction of a highway and for damages, the admission of evidence as to the effect, if any, the continuance of the obstruction would have in diminishing the value of plaintiffs' land was proper. *p. 562.*

APPEAL AND ERROR.—*Motions.—Record.*—A motion to modify a judgment and the ruling thereon can only be made a part of the record by a bill of exception or order of court, and where appellants' counsel do not indicate the page and line in the record where such motion and ruling are made a part of the record by bill of exception or by order of court, it will be presumed that the same was not so made a part of the record. *p. 562.*

From the Tippecanoe Superior Court. *Affirmed.*

*J. F. Hanley, W. R. Wood* and *D. W. Simms,* for appellants.

*R. P. Davidson* and *A. Boulds,* for appellees.

MONKS, J.—This action was brought by appellees against appellants for a mandatory injunction to compel them to remove a fence constructed by appellant Martin in a public highway upon which appellees' farm abutted, and to prevent them from maintaining the same therein. The separate demurrer for want of facts of each appellant to the complaint was overruled; the cause was tried by the court, a special finding made, and conclusions of law stated thereon in favor of appellees, and, over a motion for a *venire de novo,* a motion for a new trial, and a motion in arrest, judgment was rendered in favor of appellees.

The errors assigned and not waived call in question the conclusions of law and the action of the court in overruling

the demurrers to the complaint, motion for a *venire de novo,* motion for a new trial, motion in arrest, and motion to modify the judgment.

Appellants insist that the Superior Court of Tippecanoe county had no jurisdiction of the subject-matter of this action, for the reason that said court was created in 1875 (Acts 1875, p. 55), and the act providing that courts shall issue writs of mandate was enacted afterwards, in 1881 (Acts 1881, p. 379, §1181 Burns 1894, §1167 R. S. 1881 and Horner 1897), and gives jurisdiction thereof only to the circuit courts. It is true that said section of the act of 1881, being §1181 (1167), *supra,* provides that: "Writs of mandate and prohibition may issue from the Supreme and circuit courts of this State," but, in addition to the jurisdiction given by other sections of said act of 1875 to said Superior Court, section fourteen thereof expressly gives said court and the judge thereof, in vacation, power "to grant restraining orders, injunctions and writs of *ne exeat,* to issue writs of *habeas corpus,* and of mandate, and prohibition, to appoint receivers, master commissioners, and commissioners to convey real property * * * as is now, or may hereafter be conferred on circuit courts, or the judges thereof." This section not only gives the same jurisdiction over the matters mentioned therein to said Superior Court and the judge thereof as was then vested in circuit courts, but also all jurisdiction over such matters as might thereafter be conferred on the circuit courts. Whatever jurisdiction of said matters, therefore, was conferred on circuit courts by the act of 1881 was by said act of 1875 given to said Superior Court. *Hockemeyer* v. *Thompson,* 150 Ind. 176. It is clear that said court had jurisdiction over the subject-matter of this action, and did not err in overruling the motion in arrest of judgment, asserting want of jurisdiction as the cause therefor.

The reason assigned for a *venire de novo* was that the special finding of facts was not signed by the judge. If

there is no signature of the trial judge to the finding of facts and the conclusions of law stated thereon, the same must be treated as a general finding. *Smith* v. *State, ex rel.*, 140 Ind. 343, 349, and cases cited. The failure of the judge to sign the same, therefore, furnishes no ground for a *venire de novo*. As shown by the record, however, the conclusions of law follow immediately after the special finding of facts, and the signature of the trial judge follows the conclusions of law. The special finding of facts and conclusions of law, as prepared in this case, therefore, constituted one written instrument, which was properly signed as such. *O'Neal* v. *Hines*, 145 Ind. 32, 37. The motion for a *venire de novo* was properly overruled.

As the questions presented by the demurrers to the complaint and the exceptions to the conclusions of law are the same, a determination of the latter necessarily determines the former.

It appears from the special finding that appellees are, and have been since 1893 or 1894, the owners of real estate abutting upon the east side of a highway in Tippecanoe county for a distance of about 130 rods, and that the only means of ingress to and egress from said real estate is by said highway; that appellant, Martin, is, and has been since 1894, the owner of real estate abutting upon the west side of said highway, adjacent to the real estate of appellees. Said highway was fenced on each side, and the distance between said fences varied, but at no place was the distance less than forty feet, nor more than forty-four feet; that said highway was worked and graded, and ditches were made on each side, and by reason of said side ditches, and the action of the water, and the wear of travel, there were left, twenty-five or thirty years ago, on each side of the traveled way, and outside of said side ditches, well defined banks, of greater or less height, in places as much as four feet, and usually abrupt and nearly perpendicular, on the top of which banks stood the fences bounding said highway. In 1896 appellant,

Martin, was appointed supervisor of the road district in which said highway is located, and in May, 1896, and while supervisor of said road district he tore down the fences along the west side of said highway the entire distance his land abutted thereon, and unlawfully, and with force, erected a new and very strong and substantial fence within the limits of said highway for the same distance. This fence was made of strong posts deeply set in the ground, upon which was placed woven wire, and above said woven wire were two barbed wires; that by the erection of said fence said appellant, Martin, unlawfully took from the width of the highway on the west side thereof, and enclosed the same as a part of his farm, a strip of ground five feet wide at the south end of the new fence, about nineteen feet in width at appellees' barn-lot, sixteen feet in width opposite appellees' gate, and eleven feet at the north end of said new fence; that said new fence was built a part of the way near the middle of the graveled part of the road, and the distance between said new fence and the fence on the east side of the road at the narrowest part, was only twenty-one feet; that at the point opposite the gate leading into appellees' farm, and to their barn and dwelling thereon, the distance between the new fence and appellees' fence was twenty-four feet. After completing his fence appellant, Martin, resigned his office of supervisor of said road district and appellant, McCleve, was appointed his successor. Before the commencement of this suit appellees notified said McCleve, and requested him, as such supervisor, to remove said fence from said highway, which he refused to do; that appellees, by reason of said obstruction of said highway, have sustained and do now sustain, a special injury not common to the general public; that it has made ingress to and egress from their farm more inconvenient, difficult, and dangerous; that in going in and out of appellees' farm it requires more care and time, and is attended with more danger of breakage and loss on account of said obstruction than before its erection;

that the continuance of said obstruction will diminish the rental value of appellees' farm $35 per annum, and will depreciate the market value of said farm to a marked extent; that appellees have sustained damages by reason of said obstruction, up to the time of the commencement of this action, in the sum of $25.

The conclusions of law stated were: (1) That the obstruction on said highway is a public nuisance, and should be abated by the order and decree of court; (2) that there should be a decree directing appellant, Martin, to abate and remove said nuisance, and enjoining him from renewing and continuing the same; (3) that appellees are entitled to an order and decree against appellant, McCleve, as supervisor, to remove said fence, and abate said nuisance; (4) that appellees are entitled to judgment against appellant, Martin, for $25 damages.

It is conceded by counsel for appellants that the erection of said fence in the public highway was a public nuisance, even though it did not operate as an obstruction to public travel. This is the settled law in this State. *City of Valparaiso* v. *Bozarth,* 153 Ind. 536, and cases cited. It is also true that a public nuisance cannot be enjoined at the suit of a private person. *McCowan* v. *Whitesides,* 31 Ind. 235; *Fossion* v. *Landry,* 123 Ind. 136. A private person can, however, maintain an action for the obstruction of a public highway, if he thereby sustains some particular or peculiar injury different in kind and not common to the general public. *Pittsburgh, etc., R. Co.* v. *Noftsger,* 148 Ind. 101, 104, 105, and cases cited; *Matlock* v. *Hawkins,* 92 Ind. 225, 228; *Stetson* v. *Faxon,* 19 Pick. 147, 31 Am. Dec. 123, and note pp. 132-135; *McCowan* v. *Whitesides, supra; Pettis* v. *Johnson,* 56 Ind. 139; *Fossion* v. *Landry, supra.*

It is also held in this State that a person owning real estate abutting on a highway may maintain an action for and enjoin the obstruction of said highway immediately in front of said real estate, even if the obstruction is not upon

his real estate, if it materially impairs or interrupts his access thereto. *Pittsburgh, etc., R. Co. v. Noftsger, supra,* and cases cited; *McCowan v. Whitesides, supra; Indiana, etc., R. Co. v. Eberle,* 110 Ind. 542, 546; *Pettis v. Johnson, supra; Egbert v. Lake Shore, etc., R. Co.,* 6 Ind. App. 350.

The owners of real estate abutting upon a highway have a peculiar and distinct interest in the highway in front of their real estate; this interest includes the right to have the highway kept open and free from any obstructions which prevent or materially interfere with the ordinary means of ingress to and egress from said real estate. Any permanent obstruction of a public highway is a nuisance, and, if it obstructs or materially impairs or interferes with the means of access to the abutting real estate, the owners of said real estate suffer a peculiar and particular injury, different in kind from the public generally. In such case the owner of such real estate may maintain an action for damages and to enjoin such obstruction, whether the obstruction is on the part of the highway laid upon his real estate or not. *Indiana, etc., R. Co. v. Eberle, supra,* and cases cited. To maintain such an action, it is not necessary for the abutting landowner to show that he has been entirely deprived of the means of access to his real estate, but it is sufficient if his means of access thereto have been materially impaired or interfered with. *Indiana, etc., R. Co. v. Eberle, supra; Pittsburgh, etc., R. Co. v. Noftsger, supra; Egbert v. Lake Shore, etc., R. Co., supra.*

The facts stated in the special finding show that the fence was built in the public highway in front of appellees' real estate, which abutted thereon, and that said fence materially impaired and interfered with their means of access thereto, and that the result of the impairment and interference with such right, if allowed to continue, will be the depreciation in the annual rental value of said real estate, and also its market value, and that appellees' damages up to the commencement of this action are $25. Such facts show that

appellees have suffered a peculiar and particular injury different in kind from that which is suffered by the community in general. *Indiana, etc., R. Co. v. Eberle,* 110 Ind. 542, 546, 547, 549.

As this action was to recover damages for said obstruction, and compel its removal and enjoin its continuance, it was not necessary or proper for the court to find the amount said real estate was damaged by said obstruction upon the theory that it was permanent. The complaint did not recognize the right of appellants to maintain said obstruction, and continue the use of the part of the highway wrongfully appropriated, but demanded the removal of said obstruction. All that the court was required or authorized to find was the amount of appellees' damages to the commencement of this action, and what effect, if any, the continuance of said nuisance would have on the value of said real estate. *Indiana, etc., R. Co. v. Eberle, supra,* p. 551.

It is stated in the special finding that after said obstruction was placed in said highway by appellant Martin, appellees placed a gate in the fence on the east boundary of said highway, through which to pass to and from their land, and that said gate was ten feet wide,—one foot narrower than the average width of farm gates in that neighborhood. Appellants insist that this finding shows that the impairment and interference with access to appellees' said real estate was occasioned, in part at least, by their own act in constructing the gateway too narrow. A gateway ten feet wide was wide enough to furnish convenient access to appellees' farm from the highway, as it was before said fence was unlawfully placed therein, and they had the same right to erect a gate of that width after the unlawful act of appellant as they had before.

It is next insisted that this action cannot be maintained, for the reason that other adequate remedies are given by §§2043, 2148, 6831, 6837, 6838 Burns 1894, §§1964, 2061, 5080, 5087, 5088 Horner 1897.

Section 6831 (5080) *supra,* did not require appellees to remove said obstruction, if it was placed and maintained in said highway by appellant Martin unlawfully and by force, as alleged in the complaint and stated in the special finding. Said section does not furnish appellees any adequate remedy for the wrongs alleged and found. Appellants, under the facts found, are not in a position to urge that appellees should have removed said obstruction,—in other words, perform a duty imposed by law upon the supervisor and the person who placed the same in the highway. The fact that appellant, Martin, who erected said obstruction, and his co-appellant, as road supervisor, may be liable to indictment and punishment, or to a penalty or forfeiture which may be recovered in a civil action,—the first for obstructing said highway, and the latter for his failure to perform a plain duty imposed by law of removing said obstruction, and suing said Martin for said obstruction, furnishes no reason why appellees cannot maintain this action. Such remedies would not compel the removal of said obstruction, and they are not, therefore, adequate. *State, ex rel.,* v. *Kamman,* 151 Ind. 407, 410, 411, and cases cited.

It was held in *State, ex rel.,* v. *Kamman, supra,* that a road supervisor could be compelled by mandate to remove obstructions from a public highway in his road district. Under the facts found, it was the duty of appellant, McCleve, as road supervisor, to remove said obstructions from said highway. No question is presented by the assignment of errors concerning appellees' right to sue appellants in the same action. The conclusions of law were not erroneous.

It is next insisted that the court erred in overruling the motion of appellant Martin for a new trial.

The first cause assigned for a new trial is that the special findings are contrary to law. Under this specification certain findings are objected to by appellant because they contain evidentiary facts, conclusions of law, and are outside the issues in the case. No question concerning such defects, if they exist, is presented by said specification.

The second cause for a new trial is that certain special findings are not sustained by sufficient evidence. Some of the special findings, so challenged, go to the question of the location of the fences along said highway through the land owned by appellant and appellees before the alleged obstruction by appellant, how long said fences had been erected and maintained, and how much the new fence erected by appellant encroached upon said highway. Some witnesses testified that the fences were constructed on each side of said highway prior to 1844, and had remained on the same line from that time until appellant tore down the old fence, and built the new one which obstructed the highway,—a period of forty-five to fifty years. Other witnesses testified that the fence on appellant's side of the road had been moved back from the highway several times—in all about four feet—within twenty years before the trial of the cause. A number of witnesses testified as to the extent the new fence encroached upon the highway, but their evidence was conflicting. No witness testified that the new fence was sixteen feet within the highway opposite appellees' gate, as found by the court in the special finding, some placing the distance more, and others less than that found by the court. No witness had measured the distance, but each gave his judgment of the distance from observation, and that it was "about" a certain number of feet at each point. Upon such evidence we cannot disturb a finding of distance within those testified to by the witnesses. The court having found the number of feet the same encroached upon said highway at the different points, and when and where the fences on each side of said highway were built and maintained, and there being evidence which supports said finding, this court cannot disturb the same, although there was evidence to the contrary. *Lawrence* v. *Van Buskirk*, 140 Ind. 481, 483. The court found that no other farm residence, barn, or barn-lot, or other domestic arrangement than those of appellees', are along said highway where the new fence was erected. It is not material

whether there was any evidence to support this finding or not, for the reason that if said finding was eliminated or disregarded the conclusions of law stated by the court would not be affected thereby. The fact that said obstruction injured others in like manner and degree as appellees is immaterial so long as the injury was peculiar to them, and did not embrace the public in general. *McCowan* v. *Whitesides,* 31 Ind. 235.

The court found that by reason of said obstruction ingress to and egress from appellees' premises is more difficult and dangerous, and requires more care and time in effecting a passage through said gateway, and is attended with more danger of breakage and other loss. Appellant insists that the evidence does not warrant this finding. Witnesses testified that in driving out at the gate horses were not disposed to approach near the new fence on account of the barbed wire along the top thereof, that they had to drive carefully with a wagon, and back, to get out through the gate into the highway without cramping the wagon, and that in hauling posts and corn through said gate they could hardly get in and out, and that in driving through with hay-ladders loaded with straw or hay the hind wheels or ladders would generally catch on the posts, and that they had trouble nearly every time in getting out; that they broke corners off of hay-ladders in going in, often had to lift the end of the wagon over to get in; that they did not believe one could get through with hay-ladders unless they were narrow; that an engine, clover-huller, and wagon attached went in and out at said gate, except that they had to lift the wagon around as they went in and also as they went out; that, if the highway had not been obstructed, they would have had a turning way at the gate of about forty feet, and that the distance from the gate to the new fence was only about twenty-four feet.

One witness testified that he "had hay-ladders on a wagon coupled sixteen feet long, and got fast in going in at the

Martin *v.* Marks.

gate"; that he "could have got in had the gate been twelve or thirteen feet wide; that, if the highway had remained its former width, one could turn in at the gate all right; that when he pulled up across the gateway, and turned and backed, he pulled in without striking the posts; that, if the highway had remained its former width, one could turn in at the gate without difficulty." While there is some conflict in the evidence as to the facts stated in said finding, there is evidence which, if true, sustains the same. In such case this court cannot weigh the evidence. There was evidence that a gate ten feet wide was sufficient to enable vehicles, loaded and unloaded, to pass to and from said farm through said gate without danger or difficulty, if the road had remained as it was before the new fence was built. Appellant's unlawful act in obstructing said highway imposed no duty on appellees to erect a gate of any greater width than would have been necessary if the obstruction had not been erected, and the highway had remained its original width. If appellees had left an opening twenty or twenty-five feet wide where the gate was, they might have passed to and from their farm without danger or difficulty if said highway had been obstructed so that it was only fifteen feet, or even less, in width at that point; but such fact does not require appellees to provide such an opening. They have the right to improve their farm the same as if appellant had not unlawfully obstructed said highway, as found, and if, when they do so, their means of access is materially impaired or interfered with by said obstruction, they are entitled to maintain an action therefor.

Appellants urge that the court erred in admitting evidence of damages to said farm on the theory that said obstruction was permanent. If such evidence was admitted, it was harmless, for the reason that the court assessed the damages at $25 up to the commencement of this action, on the theory that the obstruction was not permanent, but temporary. The trial court, in assessing the damages up to the commence-

ment of this action, followed the rule declared in *Indiana, etc., R. Co.* v. *Eberle*, 110 Ind. 542, 551; *City of Ft. Wayne* v. *Hamilton*, 132 Ind. 487, 493. It was proper, however, for the court to admit evidence concerning the effect, if any, the continuance of the obstruction would have in diminishing the value of appellees' land. Objection is made by appellant to evidence admitted by the court, on the ground that the same was outside the issues, and that without said evidence the damages assessed are excessive. If said evidence and any finding predicated thereon is disregarded, the conclusions of law would be the same. There was evidence within the issues in the cause which sustains the amount of damages assessed.

It is urged that the court erred in overruling the motion of appellant Martin to modify the judgment. Such motion and the ruling thereon can only be made a part of the record by a bill of exceptions or order of court. Ewbank's Manual §26 p. 31; *Hamrick* v. *Loring*, 147 Ind. 229, 232, and cases cited. As counsel for said appellant have not indicated the page and line where said motion and the ruling thereon, if any, are made a part of the record by a bill of exceptions or order of court, we assume that the same were not so made a part of the record. *State* v. *Winstandley*, 151 Ind. 495, 501, 502. The record, therefore, presents no question concerning the correctness of the action of the court in overruling said motion. Finding no available error in the record, the judgment is affirmed.