## O'BRIEN ET AL. *v.* CENTRAL IRON AND STEEL COMPANY ET AL.

[No. 19,792.    Filed March 18, 1902.]

NUISANCE.—*Damages.*—*Public Nuisance.*—The erection and maintenance of a permanent building across a public street, thereby closing it against travelers, constitutes a public nuisance, subject to indictment and abatement by the State; but an individual has no right of action to recover damages from the author of such nuisance unless he is able to show that he has sustained some particular or peculiar injury, differing in kind, and not common to the general public. *pp. 220, 221.*

SAME.—*Damages.*—*Action.*—In an action for damages for the obstruction of a street upon which their property abuts, plaintiffs allege

that when they purchased and first occupied said lot the street was a regularly platted, dedicated, improved and traveled street, and constituted the only way, and was exclusively used by the plaintiffs in going from, and returning to their home; that defendants constructed, and still maintains, a permanent building on and across said street, thereby completely obstructing the street, and preventing travel thereon; that the obstruction is located between plaintiffs' residence and the business portion of the city, and there is no cross street or outlet between the obstruction and plaintiffs' property, and plaintiffs' egress and ingress to and from their property is wholly cut off. *Held*, that the complaint shows that the injury suffered by plaintiffs by reason of such obstruction is peculiar to themselves, and different from that suffered by the other residents of the community, and states a cause of action. *pp. 221–224.*

From Clay Circuit Court; *S. M. McGregor*, Judge.

Action by Catherine O'Brien and others against the Central Iron and Steel Company and others for damages for the obstruction of a street. From a judgment for defendants, plaintiffs appeal. *Reversed.*

*E. S. Holliday* and *F. A. Horner*, for appellants.

*G. A. Knight*, for appellees.

HADLEY, J.—This case comes to us from the Appellate Court under §15 of the act concerning appeals, approved March 12, 1901, Acts 1901, p. 569.

Appellants prosecute the action to recover of appellees damages for the obstruction of a street upon which their property abuts. Judgment against appellants upon demurrer to the complaint. The sufficiency of the complaint is therefore the only question presented.

In substance, it is averred in the complaint that the plaintiffs owned a house and lot abutting on Church street, in the city of Brazil, which they now, and have for many years, occupied as a residence; that when they purchased and first occupied said lot, which was before the grievances complained of, Church street was a regularly platted, dedicated, improved, and traveled street, and constituted the only way, and was exclusively used by the plaintiffs in going from, and returning to, their home, and that in pur-

chasing said real estate they took into consideration its location on said street, which gave them convenient access to all parts of the city, and particularly to that part of the city lying east of their residence, where the business of the city is principally carried on; that in 1899 the defendants constructed, and still maintain, a permanent building on, over, and across said street, thereby completely obstructing the street, and preventing travel thereon; that said obstruction is located about 200 feet east of the plaintiffs' said residence, and between said residence and the business portion of the city; that there is no cross street, or other outlet, between said obstruction and the plaintiffs' said property, and plaintiffs' egress and ingress to and from their property to the east is wholly barred, cut off, and destroyed; that by reason of the obstruction plaintiffs are put to great trouble and inconvenience in getting to and from their property, and their property has been thereby greatly diminished in value; that their property immediately before the obstruction was of the value of $1,200; that by reason of the obstruction of the street as aforesaid their property became and is worth not exceeding $600; and that said depreciation was caused wholly by the wrongful act of the defendants in obstructing said street.

Appellees contend that the injury of appellants, exhibited by the complaint, is different only in degree from the injury suffered by the community at large, and hence no action for the recovery of damages will lie. On the other hand appellants contend that the injury complained of is private and special, and different in kind from the public injury, and that damages are recoverable therefor as for any other private wrong. This particular controversy is the question for decision.

The erection and maintenance of a permanent building across a public street, thereby closing it against travelers, constitutes a public nuisance, subject to indictment and abatement by the State. *City of Valparaiso* v. *Bozarth,*

153 Ind. 536, 47 L. R. A. 487, and cases cited on page 538. But the individual has no right of action to recover damages from the author of such public nuisance, unless he is able to show that he has sustained some particular or peculiar injury, differing in kind, and not common to the general public. *Martin* v. *Marks,* 154 Ind. 549, 555. This doctrine springs from the principle that the law affords no private remedy for anything but a private wrong; that the damages resulting from a common, or public, nuisance, such as affects all the public in the same way, though perhaps in different degrees, is of a nature to be impossible of apportionment among the injured public, and therefore the only action maintainable is by the State.    3 Blackstone's Com., p. 219; *Fossion* v. *Landry,* 123 Ind. 136, 140; *Dantzer* v. *Indianapolis Union R. Co.,* 141 Ind. 604, 610, 34 L. R. A. 769, 50 Am. St. 343; *Manufacturers' Gas, etc., Co.* v. *Indiana Gas, etc., Co.,* 155 Ind. 566.

The inquiry therefore is, does the complaint show that, by reason of the obstruction placed in Church street by the appellees, appellants have suffered an injury peculiar to themselves, and of a kind different from that suffered by the other residents of the community?    The complaint alleges that when appellants purchased their property, and took up their residence therein, Church street, upon which it abuts, was a regularly platted, dedicated, improved, and traveled street, and furnished them the only means of going to and from their residence.

Under our law, when land is platted into lots, streets, and alleys, and recorded, the act is accepted as a dedication by the owner to the public of a continuing right to travel such streets and alleys, and a conveyance of a lot abutting on such a street carries with it not only the fee in the soil to the center of the street, but also the right to use such street, as dedicated, in perpetuity, for the purpose of egress and ingress to the premises.    And, so far as such street is necessary to a free and convenient way for travel to and

from the lot, the right of the lot owner to use it for that purpose is appurtenant to his premises, is essential to its enjoyment, and is as inviolable as his right to the use of the property itself. In this respect the abutter's right is distinct, and altogether different, from the rights of the general public in the street. The abutter has a right, in common with the community, to use the street from end to end for the purpose of passage; but, in addition to this common right, he has an individual property right, appendant to his premises, in that part of the street which is necessary to free and convenient egress and ingress to his property. That this latter right is private and personal and unshared by the community, and cannot be taken away, or materially interfered with, without the wrong-doer being answerable in damages, has been many times declared by this court. *Haynes* v. *Thomas,* 7 Ind. 38; *Pettis* v. *Johnson,* 56 Ind. 139; *Ross* v. *Thompson,* 78 Ind. 90; *Cummings* v. *City of Seymour,* 79 Ind. 491, 501, 41 Am. Rep. 618; *Indiana, etc., R. Co.* v. *Eberle,* 110 Ind. 542, 546, 59 Am. Rep. 225; *Chicago, etc., R. Co.* v. *Eisert,* 127 Ind. 156; *Decker* v. *Evansville, etc., R. Co.,* 133 Ind. 493; *Pittsburgh, etc., R. Co.* v. *Noftsger,* 148 Ind. 101; *Martin* v. *Marks,* 154 Ind. 549, 555. See, also, *Pennsylvania Co.* v. *Stanley,* 10 Ind. App. 421.

In the Haynes case, *supra,* it is said: "These decisions establish the principle, that besides the right of way which the public has of passage over a street in a town or city, there is a private right which passes to the purchaser of a lot upon the street, and as appurtenant to it, which he holds by implied covenant that the street in front of his lot shall forever be kept open to its full width."

In the Eberle case, *supra,* Mitchell, J., for the court says: "Whatever may be the rule of decision elsewhere, nothing is better settled in this State, than that the owners of lots abutting on a street may have a peculiar and distinct interest in the easement in the street in front of their lots.

O'Brien *v.* Central Iron, etc., Co.

This interest includes the right to have the street kept open and free from any obstruction which prevents or materially interferes with the ordinary means of ingress to and egress from the lots. It is distinguished from the interest of the general public, in that it becomes a right appendant, and legally adhering to the contiguous grounds and the improvements thereon as the owner may have adapted them to the street. To the extent that the street is a necessary and convenient means of access to the lot, it is as much a valuable property right as the lot itself. * * * Nor can the street be invaded so as to inflict special and peculiar damage or injury upon the adjacent lot-owner's property without rendering the wrong-doer liable for such damages."

This complaint alleges that the defendants have erected a permanent building across Church street about 200 feet east of the plaintiffs' residence, thereby effectually barring all passage in that direction, and have thus cut off the plaintiffs from their usual and only way of direct travel, to and from the east, and business portion of the city, and have thus imposed upon them great trouble and inconvenience in getting to and from their property, by reason whereof their property has been depreciated in value from $1,200 to $600. These facts show that the wrongful act of appellees has not only deprived appellants of their common right to use a regularly dedicated, improved, and traveled street in front of their property, but it has placed that property in a *cul de sac,* with the base in the direction of the business and most frequented part of the city, thus making it necessary in going to market, or to the eastern part of the town, to travel in the opposite direction to the first cross street.

If appellees may close this street on the east within the same square, without special injury to appellants, why may they not also close it on the west within the same square, and completely fence appellants in and render valueless their property without special injury? Surely the injury would be the same in kind. In such case it seems absurd

to say that the injury sustained by appellants in their property rights would be the same, but only greater in degree, as that sustained by the community in general. We have a class of cases which hold that when an obstruction does not exclude the abutter from ingress and egress, but only imposes upon him in common with other travelers that inconvenience which results from a more circuitous way, his injury is in common, for which there can be no recovery; as, for instance, if the obstruction in this case had been placed east of an intersecting cross street, then it could not be said that appellants were excluded from approaching or leaving their premises in any direction originally afforded by the street.

That there may be others affected in a similar manner to appellants does not affect the question. *Martin* v. *Marks,* 154 Ind. 549, 560. In such cases an action for damages is maintainable by a person, or any number of persons, who are able to show that they have sustained special and peculiar damage different in kind from that sustained by the public in general. We think the complaint states a cause of action.

Judgment reversed, and the cause remanded, with instructions to overrule the demurrer to the complaint.