Filed May 17, 1894.

---

No. 1,141.

## MILLER ET AL. *v.* CITY OF VALPARAISO.

EVIDENCE.—*Ordinance of City.—Fire Limits.—Damages.—Parol Evidence.*—The ordinance of a city establishing the "fire limits" of the city is admissible in evidence to establish such limits where damages are sought for the destruction of a wooden building by order of the city council, and then it may be shown by parol whether or not the building was within such boundaries.

MUNICIPAL CORPORATION.—*City.—Fire Limits.—Building.—Nuisance,*

Miller *et al. v.* The City of Valparaiso.

*Abatement of.—Notice.—Damages.*—It is within the exclusive province of a municipality to define the limits and determine the kind of buildings that may be erected therein; and the erection of a building within the fire limits, which is dangerous to the city, in violation of such ordinance, is a nuisance *per se,* and may be abated without notice, and without incurring any liability therefor.

From the Porter Circuit Court.

*N. J. Bozarth,* for appellants.

*N. L. Agnew* and *D. E. Kelly,* for appellee.

LOTZ, J.—The appellants brought this action against the appellee, to recover damages for the destruction and removal of a wooden building, or barn, situated upon real estate owned by them. The action was commenced before a justice of the peace, where the appellants had judgment. An appeal was taken to the circuit court, where the cause was tried by a jury, and resulted in a verdict and judgment for the appellee.

The only assignment of error properly made in this court is the overruling of the motion for a new trial.

It was undisputed on the trial, that the appellants were the owners of a certain lot within the corporate limits of the city of Valparaiso, on which there was situated a wooden building used as a barn; that the marshal of the city, acting upon the order and direction of the common council, entered upon said premises and tore down and removed said building.

On the trial, the appellee sought to justify its action on the ground that such building was within the "fire limits," as fixed by an ordinance of said city, and offered and read in evidence, over appellants' objection, the ordinance of said city, establishing and defining the "fire limits" of said city and prescribing penalties for the violation thereof. There was no error in this ruling. The ordinance was the best evidence of the boundaries. After the boundaries were established, it might then be

shown by parol whether or not the property was situated within such boundaries.

It is next insisted that the court erred in permitting the appellee to introduce in evidence an ordinance or resolution of the common council, directing the city marshal to serve notice upon the appellants to remove said building, and in permitting said marshal to testify that he served said notice upon them. The undisputed evidence shows that the ordinance establishing the "fire limits" was enacted long before the building was placed on said lot. It was within the exclusive province of the municipality to define the limits and determine the kind of buildings which might be erected therein. In placing the building thereon, the appellants violated the municipal law, and the erection and maintenance of the building thereon was a nuisance *per se* under such circumstances.

The fact that the appellee served any notice whatever upon the appellants was a matter of favor, and not a matter of right. At common law anyone might abate a public nuisance without notice, and, in order to accomplish that end, might destroy the thing which created it. *Baumgartner* v. *Hasty*, 100 Ind. 575. The abatement of the nuisance by the city was an exercise of the police power. Such power may often be exercised in a summary manner. Every community has the right of self-preservation. When a public nuisance creates an imminent danger, a necessity for immediate action arises. If the public authorities were compelled to give notice, and await the action of courts or other bodies, the delay might result in public calamity. The right of self-preservation is one of the first laws of nature, and applies to organized societies as well as individuals.

It is lastly contended that the verdict is contrary to the law, for the reason that the city must in any event pay for the property destroyed. But it is made to appear

that the builing was erected in defiance of law.  If the construction and maintenance of  the building within the "fire limits" was a  danger to the city, it had the right to remove or destroy it without incurring any liability in so doing.   This is upon the maxim that "private mischief is to be endured  rather than a  public inconvenience."   *Slaughter-House Cases*, 16 Wall. 36.

Judgment affirmed at the costs of appellants.

Filed May 11, 1894.