CHARLES A. CORTHELL, and another, *vs.* EBEN A. HOLMES.

Washington. Opinion September 26, 1894.

*Pleading. General Issue. Brief Statement. Demurrer. Practice. Way. Nuisance. R. S., c. 82, § 22.*

When a general issue is pleaded to an action and joined, and defendant also files a brief statement, alleging three grounds of defense, two of which are admissible under the general issue, and the other contains matters in justification, but fails to state enough to afford justification, a demurrer to such brief statement will be sustained.

Brief statements should contain a specification of matters relied upon in defense, aside from such as would come under the general issue, and must be certain and precise to a common intent.

Demurrer to a brief statement cannot be treated as an admission of the truth of matters alleged in justification which are insufficiently pleaded, nor of the matters properly admissible under the general issue, such matters being improperly in the brief statement.

When a demurrer to a brief statement is sustained, the general issue having been pleaded and joined, the action will stand for trial upon the general issue, unless the *Nisi Prius* court shall allow further plea.

When a public nuisance obstructs an individual's right, he may remove it to enable him to enjoy that right. But the right to abate a public nuisance by an individual goes no farther. He is not authorized to abate it merely because it is a public nuisance.

See *Holmes* v. *Corthell*, 80 Maine, 31.

ON EXCEPTIONS.

This was an action of trespass, *q. c.*, to which the defendant pleaded the general issue and filed the following brief statement:

"And for brief statement the defendant says that the place of the alleged trespass is not, and never has been, the property of the plaintiffs, and that they have never been in possession of the same.

"The defendant further says, that the place where acts complained of as the alleged trespass were committed, has been recognized and used by the public, and by the defendants, and their grantors, as a public way, from Madison street to Water street, for more than fifty years without interruption.

"The defendant further says that plaintiffs' title deeds bound their premises upon the way aforesaid, and conveyed them no title whatever therein."

The plaintiffs demurred, as follows:

"As to the defendant's plea, in which he says he is not guilty and thereof puts himself upon the country, the plaintiffs do the like, as required by statute.

"And the said plaintiffs, as to the defendant's brief statement of defense by him filed above, saith that the same and the matters therein contained in manner and form as the same are stated and set forth are not sufficient in law to bar or preclude the plaintiffs from having or maintaining their aforesaid action against the said defendant, and the plaintiffs are not bound by law to answer the same, and this the plaintiffs are ready to verify.

"Wherefore, and by reason of the insufficiency of the said brief statement of the defense in his behalf, the plaintiffs pray judgment and for their damages by reason of the trespasses aforesaid.

"And the plaintiffs state and show to the court the following reasons and causes of demurrer to the said statement of defense:

"For that the first ground of defense in said brief statement contains no matter not in issue under his plea of the general issue, and tends to prolixity and confusion in pleading, and is inconsistent with other parts of said statement.

"The second ground of defense alleged in said brief statement contains no matter of fact constituting a defense to this action. And the matter therein as set forth is immaterial and irrelevant.

"The third ground of defense alleged in said brief statement as set forth therein is inconsistent with itself in that it states facts and a conclusion of law inconsistent with said facts, and nothing therein alleged amounts to more than the general issue."

After joinder by the plaintiffs, the presiding justice overruled the demurrer and ordered judgment for the defendant, and the plaintiffs took exceptions.

*A. MacNichol and G. A. Curran,* for plaintiffs.

*E. B. Harvey, and G. R. Gardner, C. B. Rounds,* with them, for defendants.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

STROUT, J. Under our statute, "the general issue may be pleaded in all cases, and a brief statement of special matter of defense, or a special plea, or double pleas in bar, may be filed." R. S., c. 82, § 22. Brief statements should contain "a specification of matters relied upon in defense, aside from such as would come under the general issue," and "be certain and precise to a common intent." *Washburn* v. *Mosely,* 22 Maine, 163.

Defendant pleaded the general issue, which was joined. By brief statement, he set out three matters in defense. Plaintiff demurred specially to the brief statement, which was overruled by the presiding judge, and judgment ordered for the defendant. To this ruling the plaintiff excepted.

The first and third grounds of defense in the brief statement were admissible under the general issue, and cannot be treated as "special matter of defense." The second ground of defense is, that the *locus in quo* "has been recognized and used by the public, and by the defendants and their grantors, as a public

way, from Madison street to Water street, for more than fifty years, without interruption." The declaration in the writ charges defendant with destroying a fence and gate, hauling upon the premises quantities of rocks and other materials, tearing down and destroying a clothes-dryer, platform and steps, injuring and encumbering the soil, turf and herbage, and so forth. The brief statement does not allege that any of these things encumbered the alleged way, or obstructed the individual right of the defendant in its use, nor that they were a public nuisance, from which he suffered a special damage beyond that of the public generally, which might authorize him to maintain an action therefor, or personally to abate it. When a public nuisance obstructs an individual's right, he may remove it to enable him to enjoy that right. But the right to abate a public nuisance by an individual goes no farther. He is not authorized to abate it merely because it is a public nuisance. *Brown* v. *Perkins*, 12 Gray, page 101.

The allegations in the brief statement, if true, are clearly insufficient to afford a justification to the defendant. The special demurrer should have been sustained.

The demurrer cannot be treated as an admission of the facts alleged in the brief statement, as two of the grounds therein were not of special matter, and should not be in the brief statement, and the other ground was insufficiently alleged. The plea of the general issue still remains, and upon it the parties have a right to be heard. *Nye* v. *Spencer*, 41 Maine, 276; *Moore* v. *Knowles*, 65 Maine, 494.

> *Exceptions sustained. Demurrer sustained. Brief statement adjudged bad. Action to stand for trial upon the plea of the general issue, unless the Nisi Prius Court shall allow further plea.*