Kissel v. Lewis.

## KISSEL v. LEWIS.

[No. 18,976. Filed February 22, 1901.]

JUDGES.—*Appointment of Special Judge.*—The appointment of a special judge is a matter wholly within the discretion of the regular judge, and he is not required to consult or conform to the wishes of the parties in making his selection. *pp. 235, 236.*

NUISANCE.—*Intoxicating Liquors.—Beer-Garden.—Private Nuisance.
—Injunction.*—A complaint to enjoin the maintenance of a disorderly beer-garden in the vicinity of plaintiff's residence, charging that great crowds of people congregate at said beer-garden at all hours of the day and night, and all days of the week, and that many of the persons visiting such resort become intoxicated there, and while in that condition, on said premises, and while departing therefrom, indulge in loud talking, in profane and obscene language and conduct, and pass immediately in front of plaintiff's residence, thereby depriving plaintiff and his family of sleep, and keeping them in constant fear of injury, is not bad as showing that plaintiff suffers in common with the general public, since a public nuisance may also be a private nuisance. *pp. 236-240.*

SAME.— *Defense.— Prescriptive Right.—Intoxicating Liquors.— Injunction.*—In an action by a property owner to enjoin the maintenance of a disorderly beer-garden in the vicinity of his residence, an answer that defendant fitted up his premises as a beer-garden at great expense, almost thirteen years before the commencement of the suit; that the premises were then outside the city limits; that each year he has obtained a license from the county commissioners to sell intoxicating liquors on the premises, and that long after the premises so maintained by defendant had been put in operation the plaintiff purchased the lot mentioned and built his residence thereon, with full knowledge of the character of the garden and resort so carried on by defendant, does not state facts sufficient to avoid the complaint, since no prescriptive right to violate the law can be urged against a private action for injury resulting therefrom. *pp. 240, 241.*

SAME.—*Intoxicating Liquors.—Injunction.*— In an action to enjoin the maintenance of a saloon and beer-garden fitted up, designed, and used for the open violation of the laws of the State, in which vicious and depraved persons of both sexes, in great numbers, were invited and permitted to congregate by day and by night, on every day of the week, including Sundays, drinking, swearing, fighting, and engaging in lascivious conduct, in the near vicinity of plaintiff's

home, an injunction perpetually enjoining defendant from conduct-
ing and maintaining such beer-garden and saloon was properly
awarded instead of merely enjoining the use of the saloon and beer-
garden in an unlawful manner. *pp. 242-244.*

NUISANCE.— *Injunction.* — *Evidence.*— *Newspaper Comment.*— In the
trial of an action to enjoin the maintenance of a saloon and beer-gar-
den, evidence of the reputation of the saloon and garden, and of news-
paper reports concerning same, was properly admitted, where it was
alleged in the complaint that such place had become notorious and
the subject of newspaper comment because of the open violation of
the laws therein, and that such evil reputation had affected the
value of the property in the neighborhood. *pp. 244, 245.*

INTOXICATING LIQUORS.—*Nuisance.—Immoral Practices.—License.*—
A license to sell intoxicating liquors affords the holder no protection
from the civil consequences of permitting unlawful and immoral
practices on the premises where such intoxicating liquors are sold.
*pp. 245, 246.*

From the Hamilton Circuit Court. *Affirmed.*

*J. O. Spahr* and *F. W. Ballenger,* for appellant.
*Eli F. Ritter,* for appellee.

DOWLING, C. J.—Suit by appellee against appellant to
enjoin the maintenance by the appellant of a disorderly
beer-garden in the vicinity of the residence of the appellee.
Objections to the appointment and jurisdiction of the special
judge overruled. Demurrer to the plea to the jurisdiction
of special judge sustained. Demurrer to complaint over-
ruled. Answer in two paragraphs, the first being a general
denial. Demurrer to second paragraph of answer sustained.
Special finding of facts, with conclusions of law in favor of
appellee. Exceptions by appellant to first, third, and
fourth conclusions of law. Motions by appellant to strike
out portions of conclusions of law, to modify and restate
fourth conclusion, to modify judgment, and for a new trial,
overruled. Cross-errors are assigned by appellee upon the
refusal of the court to modify the conclusions of law, and
judgment upon the motion of the appellee.

This action was brought in the Marion Circuit Court,
and upon the application of the appellant for a change of

Kissel v. Lewis.

venue it was sent to the Hamilton Circuit Court. In that
court the appellant moved for a change of judge. The
motion was granted, and Mr. S. L. Baldwin was appointed
to try the case, but failed to attend. The judge of the Ham-
ilton Circuit Court thereupon, over the objection of the
appellant, appointed Mr. Ira W. Christian, a competent
and disinterested attorney of this State, in good standing,
who consented to serve, and was duly qualified as other
judges, his appointment and oath being entered on the order-
book. The grounds of objection to the appointment and
jurisdiction of Mr. Christian, as presented by appellant's
motion and plea, were, that his name, with those of two
other attorneys, had previously been submitted by the
judge of the Hamilton Circuit Court to the parties, and
that the appellant had then stricken it from the list. When
the motion and affidavit for a change of judge were filed, it
became the duty of the judge of the Hamilton Circuit
Court to appoint a special judge to try the cause. If, in his
opinion, it would be difficult to procure the attendance of
a judge of another court, it was proper for him to appoint
any competent and disinterested attorney in this State in
good standing to act as judge in the cause. The appoint-
ment was wholly in the discretion of the regular judge, and
he was not required to consult, or to conform to, the wishes
of the parties in making his selection. The suggestion of
the names of several competent attorneys by the regular
judge, with the request that the parties strike off one or
more of them, was an act of courtesy merely, from which
the parties derived no right to object to any appointment
the regular judge afterwards saw fit to make. §419 Burns
1894; *Walter* v. *Walter*, 117 Ind. 247; *Chissom* v. *Barbour*,
100 Ind. 1. Section 4 of the act approved March 7, 1877
(Acts 1877, p. 28), §1446 Burns 1894, was repealed by
§415 of the act of 1881 (Acts 1881, p. 240), and at the
time of the appointment of the special judge in this case
there was no statute in force requiring the judge to submit

to the parties the names of the attorneys from whom the appointment was to be made. *Kane* v. *State,* 71 Ind. 559; *Walter* v. *Walter,* 117 Ind. 247; *Hauk* v. *State,* 148 Ind. 238, 249. The objections to the appointment of the special judge were properly overruled, and the plea to his jurisdiction was correctly sustained.

The complaint stated, in substance, that the plaintiff below was the owner of lots eighteen and nineteen in Cleveland Park Place addition to the city of Indianapolis, designated as number 2,520, situated on the west side of Capitol avenue, a short distance from Twenty-sixth street; that on said premises the plaintiff has a house, of nine rooms, well finished, and in good condition, which is occupied by him and by his family, consisting of his wife, two sons, and two daughters, the oldest of said children being seventeen years of age, and the youngest five years; that the said house is situated in a locality thickly settled, and devoted to residence purposes, and that the people of the neighborhood are orderly, intelligent, and of high character for morality and sobriety; that the defendant was the owner of real estate in said city of Indianapolis, situated on the southeast corner of Twenty-sixth street and Capitol avenue, extending along the east side of said Capitol avenue about 150 feet south from the line of Twenty-sixth street, and along the south line of Twenty-sixth street about 200 feet east from the line of Capitol avenue, said premises being on the opposite side of Capitol avenue from plaintiff's residence, and the south line thereof being about fifty feet north of said residence; that on the northeast (west) corner of defendant's real estate, and directly on the line of the sidewalks on said Twenty-sixth street and Capitol avenue, defendant has erected a large building, two stories in height, about forty feet in width, and seventy feet in length, having a double veranda and entrance on Capitol avenue, and four side entrances on Twenty-sixth street, and containing fifteen rooms; that upon the top of said building is a tower

Kissel *v.* Lewis.

about fifty feet high from the ground, around which are fifty electric lamps in three circles, one above the other; that upon the first floor of the said building, and in the northwest corner thereof, is a room used as a saloon and bar-room in which intoxicating liquors are sold and drunk; and that most of the other rooms in the said buildings are arranged for the accommodation of men and women who indulge therein in the drinking of intoxicating liquors and in lascivious conduct; that to the south of the said buildings, and running east from said Capitol avenue about 125 feet, and south from said buildings about seventy-five feet, is a yard adapted, arranged, and used as a beer-garden; that said beer-garden is laid out in grass plats and walks, and at various places are seats, tables, and summer-houses; that across the entire east end of said real estate, occupying a space about forty feet wide, is a large number of stalls for horses and vehicles, together with hitching posts for horses; and that in the northeast corner of said real estate is an entrance for horses, vehicles, and pedestrians into the said grounds, through a double gate, twenty feet wide, spanned overhead by an arch studded with electric lights; that the defendant invites the public upon the said premises and extensively advertises the same as a resort; that the said premises are kept open by the defendant at all times in the day, and at all hours of the night, and upon every day in the week, including Sundays; that in response to the invitation and advertisement of the defendant, great crowds of people congregate upon said premises on all days and nights of the week, said crowds consisting of both men and women, who are lascivious and depraved, many of the women being prostitutes; that such crowds are larger on Sundays than on other days, more than 1,000 people often congregating there at the same time; that, especially on Sundays and at night, people are constantly entering into and departing from, said premises; that the defendant causes music to be furnished on said premises by a brass

band, and by other musical instruments; that the visitors at said resort purchase from the defendant, and drink, great quantities of intoxicating liquors at all hours of the day and night, and on all days of the week, in the bar-room, in the other rooms of said building, in the yard, and in the summer houses, in violation of law; that many of the persons visiting said resort become intoxicated there, and while in that condition, on said premises, and while departing therefrom, indulge in loud talking, in profane and obscene language and conduct, singing, quarreling, fighting, and dancing, continuing late into the night, and until the early hours of the morning; that many of the persons visiting said premises on foot, in vehicles, and on bicycles, in going and coming, pass immediately in front of plaintiff's residence on Capitol avenue, and especially at night by loud talking and shouting, and by the use of vile, profane, and obscene language, deprive the plaintiff and his family of sleep, keeping them in constant fear and dread of injury, to the annoyance and disturbance of the plaintiff and the members of his family; that the grievances herein described have been committed and maintained by the defendant for ten years past, whereby the plaintiff and his family have been greatly annoyed, disturbed, mortified, and damaged. That the manner in which said resort and beer-garden is carried on has rendered it notorious throughout the city of Indianapolis and elsewhere throughout the State, and has given to the said neighborhood and locality, including plaintiff's residence, a bad reputation and character, and has created a prejudice against the same, and has thereby destroyed the rental value of the plaintiff's property for residence purposes, and the enjoyment of the plaintiff in the same as a homestead. That the defendant has secured from the board of commissioners of Marion county, Indiana, a document called a license, which he claims authorizes him to sell intoxicating liquors on the said premises, but that the same is void because the act of the legislature of the State of Indi-

ana, entitled "An act to regulate and license the sale of spirituous, vinous and malt liquors," etc., approved March 17, 1875 (Acts 1875, s. s. p. 55), was, and is, in violation of §1, article 8 of the Constitution of the State of Indiana, in this, that its provisions are against public morality, and that all sales of intoxicating liquors on said premises have been unlawful. That, by reason of the matters alleged, the plaintiff has been damaged $2,500; that the defendant has invested large sums of money in the enterprise he has established, and that he intends to maintain and enlarge the same, to the irreparable injury of the plaintiff's property, and to the plaintiff's enjoyment thereof, for which the plaintiff has no adequate remedy at law. The complaint concludes with a prayer for damages, and for an injunction.

The only objection taken to the complaint and the entire argument of counsel for appellant in support of the same are as follows: "We think the complaint, with all of its extravagant and unfounded averments, does not state facts sufficient to constitute a cause of action in favor of the plaintiff. It goes upon the theory of a public nuisance. It does not show that plaintiff sustains any injury not common to the public." This view of the complaint cannot be sustained. The premises of the appellant may be so used as to render them a public nuisance, but, if the averments of the complaint are true, they are also a private nuisance. While the plaintiff suffers in common with the public, it is shown that he sustains special injury to his property, and to his right to the unmolested enjoyment of it. The maintenance, in an otherwise quiet and law-abiding neighborhood, of a disorderly resort, where great numbers of idle, dissolute, and vicious persons, of both sexes, congregate by day and by night, and upon every day of the week, where intoxicating liquors are unlawfully sold, and where loud talking, brawling, and fighting are carried on, may render other real estate in its vicinity less desirable for residence purposes, and less comfortable to the occupants, and thereby injure

the property, and reduce its value. The complaint charges that the defendant so used his property as to injure the plaintiff, in a special and particular manner different from the general injury to the public. The facts pleaded fully sustain the conclusion that the plaintiff did suffer this special injury. The circumstance that many other property owners, residing in the vicinity of the defendant's premises, also sustained special damages from the same cause would not make the nuisance any less a private nuisance. No proposition can be more evident than that a public nuisance may also be a private nuisance. It is a public nuisance if it annoys such part of the public as necessarily comes in contact with it. At the same time, it is a private nuisance to any person who sustains in his person or his property any special injury different from that of the public. Wood on Nuisance, §§38, 674; *Haggart* v. *Stehlin,* 137 Ind. 43, 22 L. R. A. 577; *Kaufman* v. *Stein,* 138 Ind. 49, 46 Am. St. 368; *Radican* v. *Buckley,* 138 Ind. 582; High on Inj. §§772 to 782, inclusive; *Martin* v. *Marks,* 154 Ind. 549; *McCowan* v. *Whitesides,* 31 Ind. 235. The court did not err in overruling the demurrer to the complaint.

The second paragraph of the answer alleges that the defendant bought, laid out, and fitted up his premises as a beer-garden, etc., at an expense of more than $10,000 nearly thirteen years before the commencement of this suit; that said premises were then outside the city of Indianapolis; that each year he has duly obtained license from the board of commissioners of Marion county to sell upon said premises spirituous, vinous, and malt liquors; that long after the premises so maintained by the defendant had been put in operation, the plaintiff purchased the lot mentioned in the complaint, and built thereon the residence now owned by him, with full knowledge of the character of the garden and resort so carried on by the defendant; that year after year the defendant has continued to expend on said garden,

etc., large sums of money, with the knowledge, and without objection on the part of the plaintiff; that the business of the defendant on said premises has been conducted according to law, and that no violation of the law of Indiana has been committed on said premises with the knowledge and consent of the defendant; and that instead of damaging the rental value of the plaintiff's real estate, or adjacent property, the value thereof has increased threefold. To this answer, a demurrer was sustained.

The matters pleaded were not sufficient to avoid the allegations of the complaint. The facts that the appellant purchased and began to improve and fit up his premises for the purposes of a beer-garden many years ago, and that he has expended large sums of money in so doing, with the knowledge and without objection on the part of the appellee, neither gave him a right by prescription to violate the law, nor estopped the appellee from demanding a cessation of such unlawful practices. The fact that the nuisance was already existing when the appellee bought his lot and built his residence did not deprive the appellee of the right to sue for any special injury, peculiar to himself, afterwards sustained by him or his property. The nuisance complained of was a public nuisance which occasioned special private injury, and no prescriptive right to violate the law could be urged against the private action for such injury. It has been said "there is no prescriptive right, or any other right to maintain a public nuisance." *Mills* v. *Hall,* 9 Wend. 315, 24 Am. Dec. 160; and also that "the better doctrine would seem to be, that the acquisition of rights by prescription can have nothing to do with the case of public nuisances, either when the state, or when individuals complain of them." Cooley on Torts, p. 614. The other averments of the answer are merely special denials of matters alleged in the complaint, and as the general denial was also pleaded all of the facts specially pleaded were admissible under it.

There was no error in sustaining the demurrer to the second paragraph of the answer.

The court stated the following conclusions of law upon the facts found: (1) That the plaintiff, Zimri Lewis, is entitled to recover upon his complaint against the defendant, Charles Fred Kissel. (2) That said plaintiff take nothing by his complaint against the defendant, Anna L. Kissel, and that she recover her costs herein. (3) That said plaintiff's damages are $216, and that he is entitled to recover the same of said defendant, Charles Fred Kissel, together with his costs. (4) That the plaintiff is entitled to an injunction, perpetually enjoining said Charles Fred Kissel, and that he be enjoined from conducting and maintaining his said saloon and said beer-garden described in the complaint and special findings of facts herein, and from doing any and all the acts set out in said special findings of facts, and from selling intoxicating liquors in and upon the premises described in the complaint and special findings of facts, which premises are owned by said defendant, Anna L. Kissel, and leased by her to said defendant, Charles Fred Kissel, and from directly, or indirectly, conducting and maintaining his said saloon, and what is known as "Kissel's Beer-Garden," and from selling intoxicating liquors thereon, or on any part thereof.

The first and third conclusions necessarily result from the findings of fact which closely pursue and fully sustain the averments of the complaint. From these findings, the further conclusion was inevitable that the plaintiff below was entitled to an injunction as prayed for in his complaint. The appellant objects to the form of the fourth conclusion, and insists that it is too broad and sweeping in its terms. He claims that only the unlawful and wrongful acts constituting the nuisance should have been prohibited, and that the appellant should not have been deprived of the right to use his premises for lawful purposes. In a condensed form, the fourth conclusion is that the plaintiff is entitled to a judg-

ment enjoining the appellee from conducting and maintaining his saloon and beer-garden on the premises described in the complaint, and from selling intoxicating liquors thereon, or on any part thereof, and from doing any and all of the unlawful acts set out in the special finding. In disposing of the objection to the form and scope of the fourth conclusion, it must be assumed that the complaint was proved, and that the plaintiff was entitled to relief by way of injunction. The grievance complained of was the wrongful maintenance of a saloon and beer-garden fitted up, designed, and used for the open violation of the laws of the State, in which vicious and depraved persons of both sexes in great numbers were invited and permitted to congregate by day and by night, and at all hours of the night, and on every day of the week, including Sundays, drinking, swearing, fighting, and engaging in lascivious conduct in the near vicinity of the plaintiff's home. The private nuisance was the saloon and beer-garden so conducted, and the plaintiff was entitled to have the maintenance of these enjoined. It would have been idle for the court to award an injunction against the use of the saloon and beer-garden in an unlawful manner. As described in the complaint, there could be no lawful use of either. The unlawfully conducted saloon, and the unlawfully conducted beer-garden were inseparably connected, both together creating and constituting the nuisance complained of. Nothing short of the absolute prohibition of the use of each for the purposes described in the complaint would afford an adequate remedy to the plaintiff. Such a disorderly house and place of public entertainment, close to the plaintiff's private residence, the court finds, deprives him of the comfortable enjoyment of his property, and greatly reduces its value. In such case, the relief must be coextensive with the cause of the injury, and, instead of admonishing the defendant that he must not in future violate the law, the court takes the matter into its own hands and abates the nuisance by its writ of injunc-

tion. Where the proceeding is directed against the maintenance of a slaughter-house, a bawdy-house, a smallpox hospital, or the like, the decree does not undertake to prescribe the conditions on which the business may be carried on; it prohibits it altogether. The objections to the fourth conclusion of law cannot be sustained.

Objection was made by the appellant to the introduction of evidence of the reputation of his saloon and garden, and as to newspaper reports concerning the same, and it is insisted here that the admission of this evidence was error. It is said in regard to the proof necessary to establish the offense of keeping a house of ill fame that "Mere reputation is not sufficient, for that is often wholly unreliable, and unworthy of credence, but when accompanied with evidence showing the dissolute character of the inmates, and of the persons visiting there, it is admissible as tending to establish the offense." Commonwealth v. Howe, 13 Gray 26; Betts v. State, 93 Ind. 375; Whitlock v. State, 4 Ind. App. 432; O'Brien v. People, 28 Mich. 213; People v. Gastro, 75 Mich. 127, 42 N. W. 937; State v. Bresland, 59 Minn. 281, 61 N. W. 450. Considerable conflict is found among the cases upon the subject of the admissibility of such evidence, but many of the decisions holding it incompetent as a species of hearsay were in criminal prosecutions in which the rules of evidence are often more strict than in civil actions. In the present case it is expressly alleged that the premises of the appellant have become notorious, and the subject of newspaper comment, because of the open violations of the law thereon, and that such evil reputation has affected the value of property in the neighborhood, and among others the value of the plaintiff's property, and his enjoyment thereof. In view of these averments, and of the evidence as to the manner in which the appellant's business was carried on, the testimony as to the evil reputation of the saloon and beer-garden, and the fact that it had been disseminated through the newspapers, was properly admitted.

Hypothetical questions were put to several witnesses for the purpose of obtaining evidence as to the effect of the proximity of appellant's place upon the value and desirability as a residence of appellee's property.  In some of the questions it was assumed that another disorderly establishment called "Trons" was in the neighborhood, and it is contended that the effect of the answers to these questions was to charge the appellant, in some degree, with the consequences of the existence of another alleged nuisance.  It was proper and necessary to consider all of the surroundings, and the kind of business carried on in the neighborhood, and, if the injury to plaintiff's property was due, in part, to some other cause than that stated in the complaint, it could do no harm to show that fact.

Other objections to the admission of evidence were made, but even if it were conceded that the evidence was in some instances improperly admitted, such error was not of sufficient importance to justify a reversal of the judgment.  Excluding all evidence which may be regarded as doubtful, enough remains to sustain the findings and judgment, and to make it evident that a correct result was reached by the court.

In the last place, it is contended that the special findings are not sustained by the evidence.  We have examined the entire record with great care, and are satisfied that the findings respond to the proof in every material particular. Trifling differences between them are not a sufficient basis for a reversal of the judgment.  The license granted to the appellant by the board of commissioners of Marion county was probably void, for the reason that it failed to "specifically describe the room in which he [the appellant] desires to sell such liquors, and the exact location of the same," etc. (Acts 1895, §1, p. 248), §7283a Burns Supp. 1897.  But, even if valid, the license afforded the appellant no protection from the civil consequences of the unlawful and immoral practices set forth in the complaint and special find-

ings, and clearly established by the proof. Neither is it necessary to protect such license in the judgment in this case.

Cross-errors are assigned by the appellee upon the conclusions of law. The principal question discussed by counsel for appellee in this connection is the constitutionality of the acts regulating the sale of intoxicating liquors in this State, and providing for the issuing of licenses to sell, the same. This question has been decided by this court, and we do not feel that a further examination of the grounds upon which the validity of these acts was upheld is necessary. *Haggart* v. *Stehlin*, 137 Ind. 43; 22 L. R. A. 577, and cases cited.

Finding no error, the judgment is affirmed.