NOTE.—Reported in 114 N. E. 699.

---

## TOWN OF CARLISLE *v.* PIRTLE.

[No. 9,301.   Filed January 5, 1917.]

1. PLEADING.—*Demurrer to Answer.—Memorandum of Defects.— Failure to File.—Waiver.*—The right to question an answer for insufficiency of facts is waived by failure to file with a demurrer thereto the memorandum of defects required by statute, and no question is presented for review on appeal by an assignment of error challenging the action of the trial court in overruling such demurrer. p. 477.

2. NUISANCES.—*Public Nuisance.—Private Nuisance.—Distinction.* —The distinction between a public and a private nuisance does not necessarily consist in the nature of the thing done or of the character of the structure maintained, either of which may constitute a public nuisance if prejudicial to the general public, and also a private nuisance as to some particular person if he suffers an injury not common to the general public. p. 480.

3. MUNICIPAL CORPORATIONS. — *Public Nuisance. — Obstruction in Street.—Abatement.*—An unauthorized and unlawful obstruction of a public street in a town or city is a public nuisance, and as such may be abated. p. 480.

4. MUNICIPAL CORPORATIONS.—*Public Nuisance.—Power of Incorporated Towns to Declare and Abate.—Statute.*—Under §9005, cl. 4, Burns 1914, Acts 1909 pp. 359, 363, incorporated towns are authorized to declare, by general ordinance, what shall constitute a nuisance and to prevent, abate or remove it, and they may also at their election resort to the courts to abate a public nuisance. p. 481.

5. MUNICIPAL CORPORATIONS. — *Public Nuisance. — Obstruction in Street.—Abatement by Incorporated Town.—Burden of Proof.*— Where an incorporated town resorted to the courts to have declared a nuisance and abated as such a cement sidewalk which was built on a higher grade than the walks adjoining at either end, the town assumed the burden of establishing that the walk,

by reason of its comparative elevation, was a public nuisance, in that its use was perilous to pedestrians. p. 481.

6. APPEAL.—*Briefs.—Specification of Errors.—Rules of Court.*— Where appellant assigns as error the overruling of its motion for a new trial, and its brief under such assignment contains four points, each general in its nature, to the effect that it is error to admit evidence of a certain nature, and such points are not directed to any particular ruling complained of, there is a failure to comply with the rules of the Appellate Court and no question is presented for review on appeal. p. 481.

From Greene Circuit Court; *Cyrus E. Davis,* Special Judge.

Action by the Town of Carlisle against George W. Pirtle. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*J. R. Cauble, Webster V. Moffett* and *Fred C. Braun,* for appellant.

*John W. Lindley, Louis Meyer, Claude E. Gregg, William L. Slinkard* and *Will R. Vosloh,* for appellee.

CALDWELL, J.—In the summer of 1913, appellee constructed, in front of his premises in the town of Carlisle, Sullivan county, a concrete sidewalk, extending along the side of a public street. The sidewalk was somewhat more elevated than the sidewalks to which it joined at each end. In November, 1913, appellant brought this action in the Sullivan Circuit Court. The complaint charges, in substance, that appellee, by constructing his sidewalk elevated as aforesaid, formed at either end a sudden rise or step where it joined the walks in front of the adjoining properties; that the walk as constructed constituted a dangerous obstruction to the sidewalk on the north side of the street, and that persons walking along such sidewalk were in constant peril of stumbling against such sudden rise or step, and thereby suffering injuries, and that appellant would thereby be rendered liable to respond in damages to the persons so injured. The relief sought is that the structure be declared to be a

public nuisance and that the court order it abated and the obstruction removed.

By regular proceedings the cause was venued to the Greene Circuit Court where it was tried before a special judge. By request of the parties, the court made a special finding of facts, and stated conclusions of law thereon. Judgment was rendered on the conclusions in favor of appellee. Five errors are assigned in this court: the first, third and fourth being, in substance, that the court erred in overruling appellant's demurrer to appellee's amended fourth paragraph of answer; the court erred in each conclusion of law and in overruling the motion for a new trial. The second and fifth errors are not properly assigned. The questions sought to be raised by such assignments, however, are properly presented by the third assignment.

The demurrer filed to the amended fourth paragraph of answer sought to challenge the sufficiency of the facts thereby pleaded to constitute a defense. A memorandum 1. stating wherein such facts were insufficient was not filed with the demurrer. The right to question the answer for insufficiency of facts was therefore waived. It follows that the first assignment presents no question for our consideration. *Pittsburgh, etc., R. Co.* v. *Home Ins. Co.* (1915), 183 Ind. 355, 108 N. E. 525; *Quality Clothes Shop* v. *Keeney* (1914), 57 Ind. App. 500, 106 N. E. 541.

The special finding of facts is, in substance, as follows: Appellant is a municipal corporation. Ledgerwood street, extending east and west, is one of the principal streets in the town of Carlisle. Eaton and Harrison streets, one block apart, and an alley midway between them, intersect Ledgerwood street at right angles. The latter street has a gradual fall eastward from Harrison street to the alley. Westward from the alley to Harrison street, the following persons own properties abutting on the north side of Ledgerwood street: Curtner, 19 feet; appellee, 40 feet; Trimble, 12 feet; Squires, 24 feet; National Bank, 32 feet; Ridgeway, 32 feet. On each

lot there is a business building. Appellant has never established a grade for sidewalks in front of the Curtner, Pirtle and Trimble properties. In 1899, appellee, without consent of or objection from appellant, constructed a cement sidewalk in front of his property on the natural grade. In 1904, appellant, by ordinance, but without establishing any grade for same, ordered a cement sidewalk constructed in front of the Curtner, Pirtle and Trimble properties. Pursuant to such ordinance, Curtner and Trimble constructed a cement sidewalk on the natural grade, under the direction and to the satisfaction of appellant's sidewalk committee, appellee's sidewalk not being changed. When such construction had been completed the sidewalk in front of the three properties sloped by regular fall on the natural grade of the street. In 1906, appellant, by ordinance, caused sidewalks to be constructed in front of the remaining properties in the half block, by the owners of such properties, on the grade of the sidewalks constructed in 1904, and under the direction of the committee on sidewalks, so that the sidewalks along the entire half block conformed to the natural grade of the street. Thereafter appellant graded and graveled Ledgerwood street, and thereby elevated it about four inches above the sidewalks on the north. Thereafter cement sidewalks were constructed along the south side of the street opposite the half block above mentioned, the grade of which conformed to the raised grade of the street. Thereafter, appellee, of his own volition and without obtaining the consent of appellant, constructed a cement crossing from the south side of the street north to the east end of the sidewalk in front of his property. The crossing conformed to the grade of the sidewalks on the south side of the street, but was four or five inches higher than the sidewalk on the north where the two structures joined. Appellant acquiesced in such work, and paid appellee his expenses thereof. After the grade of the street was raised, and before appellee raised his sidewalk as hereinafter set out, and because of the raising of the grade

of the street, water in time of heavy rains overflowed the gutters in front of appellee's and Curtner's properties and flowed in considerable quantities upon such properties. To prevent such overflow was one of appellee's purposes in raising the sidewalk, and the work was successful to that end. From the north end of the crossing above mentioned to appellee's sidewalk before he raised it, there was a step of four or five inches, creating a condition to some extent dangerous to pedestrians in the exercise of ordinary care. Prior to August, 1913, appellee's buildings were destroyed by fire, and his sidewalk damaged. He thereupon, in August, 1913, removed the old sidewalk and constructed a new concrete sidewalk conforming to the grade of said concrete crossing. The new walk, as constructed by appellee, is three and one-half inches on its outer edge and four inches on its inner edge higher than the Curtner walk to which it joins, at a point seventeen inches west of the junction, and slopes thence by regular grade to conform to the Curtner walk at the junction. The slope of the sidewalk at the junction is open and obvious to persons traversing the same, unless left in darkness. The sidewalk is not dangerous to pedestrians passing over it and exercising ordinary care for their own safety, and it is not unsightly or otherwise offensive in appearance. The sidewalk is a permanent structure. Appellant was not requested to and did not fix or establish the grade of such sidewalk, and appellee did not have appellant's consent to construct the new sidewalk on higher grade than the old one. Appellant, before commencing this suit, notified appellee in writing to make said sidewalk safe for travel within ten days. Appellee thereupon notified appellant that he stood ready to reconstruct the sidewalk to conform to any grade which appellant would establish by ordinance. He thereupon, by the use of some sharp instrument, nicked and permanently roughened the seventeen-inch slope where said sidewalk joined the Curtner sidewalk.

The court stated as conclusions of law that the sidewalk

described in the complaint and finding is not a public nuisance, and that appellant is not entitled to have it abated as such; that the law is with appellee, and that appellant is not entitled to recover.

The exceptions to the conclusions of law present the single question whether the sidewalk under the finding is a public nuisance. It is provided by statute that whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property so as essentially to interfere with the free enjoyment thereof is a nuisance and the subject of an action, and that such action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance, and that where a proper case is made the nuisance may be enjoined or abated. §291 et seq. Burns 1914, §289 R. S. 1881.

While the statutory provision is broad enough to include both classes, the statutes referred to apparently afford a remedy for a private rather than a public nuisance.

2. The distinction between a public and a private nuisance, however, does not necessarily consist in the nature of the thing done or the character of the structure maintained. The thing done or structure maintained may be prejudicial to the general public, and thus it may constitute a public nuisance, and yet as to some particular person it may also be a private nuisance, in that by it he suffers an injury not common to the general public. 29 Cyc 1153; Kissel v. Lewis (1900), 156 Ind. 233, 59 N. E. 478; Haggart v. Stehlin (1893), 137 Ind. 43, 54, 35 N. E. 997, 22 L. R. A. 577; City of New Albany v. Slider (1898), 21 Ind. App. 392, 52 N. E. 626.

This action is prosecuted on the theory that the structure involved here is a public nuisance. An unauthorized and unlawful obstruction of a public street in a town

3. or city is a public nuisance, and as such may be abated. State v. Louisville, etc., R. Co. (1882), 86 Ind. 114; Burk v. State (1867), 27 Ind. 430; O'Brien v. Cen-

*tral Iron, etc., Co.* (1901), 158 Ind. 218, 63 N. E. 302, 57 L. R. A. 508, 92 Am. St. 305; *Zimmerman* v. *State* (1892), 4 Ind. App. 583, 31 N. E. 550; *Langsdale* v. *Bonton* (1859), 12 Ind. 467.

The cases above cited deal with the erecting and maintaining of buildings, fences, etc., in such a manner as to obstruct or infringe upon the limits of public streets. The structure involved here is an essential, or, at least, a very proper part of a public street, and if it constitutes a public nuisance, such fact consists in the manner of its construction. The complaint proceeds on such a theory.

Incorporated towns are authorized to declare, by general ordinance, what shall constitute a nuisance, and to prevent, abate, or remove the same. §9005, cl. 4, Burns 1914, 4. Acts 1909 p. 359, 363. They may also at their election resort to the courts to abate a public nuisance. *American Furniture Co.* v. *Town of Batesville* (1894), 139 Ind. 77, 38 N. E. 408; *Cheek* v. *City of Aurora* (1883), 92 Ind. 107; *City of Valparaiso* v. *Bozarth* (1899), 153 Ind. 536, 55 N. E. 439, 47 L. R. A. 487; *Billings Hotel Co.* v. *City, etc.* (1916), L. R. A. 1916D 1020, note.

Appellant here resorted to the courts, and in so doing assumed the burden of establishing that the sidewalk, by reason of its comparative elevation, was a public 5. nuisance, in that its use was perilous to pedestrians. The finding of the court, as hereinbefore indicated, is against appellant on such question. It follows that the court did not err in the conclusions of law.

Appellant assigns error on the overruling of the motion for a new trial. Appellant's brief under such assignment contains but four points, each general in its nature, 6. and to the effect that it is error to admit evidence of a certain nature. The points are not directed to any particular ruling complained of, and, under a strict construction of the rules of this court, present no question.

*Standard Live Stock Ins. Co.* v. *Atkinson* (1916), 185 Ind. 34, 111 N. E. 913; *Rosenbaum Bros.* v. *Devine* (1916), 271 Ill. 354, 111 N. E. 97; *Cole Motor Car Co.* v. *Ludorff* (1915), 61 Ind. App. 119, 111 N. E. 447; *Warner* v. *Reed* (1916), 62 Ind. App. 544, 113 N. E. 386. We have, however, examined the motion for a new trial in an effort to apply such general propositions, but find no material error. Judgment affirmed.

NOTE.—Reported in 114 N. E. 705. Public nuisance, nature and elements, 107 Am. St. 199. Private nuisance, nature and elements, 118 Am. St. 869; note 62 Ind. App. 676. See under (2) 29 Cyc 1152, 1153; (3) 28 Cyc 893.