### City of Indianapolis v. Byrne et al.

[No. 10,100. Filed October 28, 1919.]

MUNICIPAL CORPORATIONS.—*Streets.*—*Location of Place of Injury.*—*Evidence.*—In an action against a city for personal injuries sustained from a defect in a street, the location of such defect within the corporate limits of the city may be shown by the testimony of the plaintiff.

From Marion Superior Court (95,937); *V. G. Clifford,* Judge.

Action by Joseph Byrne against the city of Indianapolis and another. From a judgment in favor of the plaintiff against the city, the defendant city appeals. *Affirmed.*

*William A. Pickens, Walter Myers, Edward Hohli, Russell J. Ryan* and *Paul G. Davis,* for appellant.
*George W. Galvin,* for appellee.

BATMAN, C. J.—Joseph Byrne commenced this action against the city of Indianapolis and the Vandalia Railroad Company to recover damages for personal

injuries alleged to have been sustained by reason of
a defect in South Belmont avenue, a street in said
city along its western boundary. After the cause had
been put at issue by the filing of general denials, it
was submitted to a jury for trial, resulting in a ver-
dict against both defendants for the sum of $200.
Each defendant filed a motion for a new trial, the
motion of the city being overruled, and the motion of
the railroad company being sustained. The court ren-
dered judgment against the city on the verdict, from
which judgment it now appeals and has assigned
the action of the court in overruling its motion for
a new trial as the sole error on which it relies for
reversal.

The only error presented by this appeal relates to
the action of the court in permitting appellee Byrne,
while testifying as a witness on his own behalf, to an-
swer the following question over appellant's objec-
tion, and in refusing to strike out the answer there-
to: "Was this place you fell into, this rut or wash-
out, in the city of Indianapolis?" Answer, "Yes."
The record discloses that the purpose of this question
and answer was to show that the place at which the
witness received his alleged injury was within the
corporate limits of said city. The question and an-
swer were proper for such purpose, and the court did
not err in its rulings with reference thereto. *McKeen*
v. *Haskell* (1886), 108 Ind. 97, 8 N. E. 901; *Shea* v.
*City of Muncie* (1897), 148 Ind. 14, 46 N. E. 138;
*Indianapolis Union R. Co.* v. *Waddington* (1907), 169
Ind. 448, 82 N. E. 1030; *New York, etc., R. Co.* v. *Lind*
(1913), 180 Ind. 38, 102 N. E. 449; *Wabash R. Co.* v.
*Gretzinger* (1914), 182 Ind. 155, 104 N. E. 69. These
authorities render a discussion of the question unnec-
essary. Appellant cites the case of *Miller* v. *City of*

*Valparaiso* (1893), 10 Ind. App. 22, 37 N. E. 418, in support of its contention, but it is sufficient to say in answer thereto that, while the method of proof there suggested might have been followed, it was not necessary to do so, as shown by the authorities cited.

We find no error in the record. Judgment affirmed.