## LIPNIK v. EHALT.

[No. 10,932. Filed October 11, 1921.]

1. APPEAL.—*Review.*—*Overruling Motion to Strike Out.*—A judgment will not be reversed because of an adverse ruling on a' motion to strike out a part of a pleading. p. 395.

2. APPEAL.—*Review.*—*Overruling Motion to Make Complaint Specific.*—The overruling of a motion to make a complaint more specific will not constitute reversible error, unless it is shown affirmatively to have injured appellant. p. 395.

3. APPEAL.—*Review.*—*Harmless Error.*—*Sustaining Demurrers to Paragraphs of Answer.*—Where the trial court admitted evidence of all the facts alleged in each of paragraphs of answers demurred to, and at defendant's request submitted interrogatories to the jury pertaining thereto, and where the only facts alleged in such paragraphs which constituted a defense under the evidence, were set up in another paragraph of answer to which no demurrer was filed, the sustaining of demurrers to such paragraphs was harmless. p. 395.

4. APPEAL.—*Review.*—*Verdict.*—*Answers to Interrogatories.*—*Scope of Review.*—In determining whether the trial court erred

in overruling motion for judgment on the answers to inter-
rogatories notwithstanding the general verdict, the court on
appeal will consider only the pleadings, the answers to the in-
terrogatories, and the general verdict.   p. 396.

5.  NUISANCE.—*Destruction of Property as a Nuisance.—Action.*
*—Verdict.—Answers to Interrogatories.—Conflict.*—In an action
to recover for the destruction by defendant of a frame build-
ing occupied by plaintiff as a tenant, wherein defendant claimed
that the building was located within a fire zone in which the
erection of frame buildings was prohibited by municipal or-
dinance, and that such destruction was to protect defendant's
property, which was located in close proximity thereto, answers
to interrogatories, showing that the building was located in
a district where wooden structures were prohibited by city or-
dinance, *held* not to require rendition of judgment on the an-
swers to interrogatories, notwithstanding general verdict for
plaintiff, in the absence of findings as to where such building
was located in reference to defendant's property and as to any
special injury sustained by defendant by reason of its existence
in violation of such ordinance.   p. 396.

6.  NUISANCE.—*Wooden Building Within Fire Limits.*—The erec-
tion and maintenance of a wooden building within a fire zone
in which the erection of such structures were prohibited by or-
dinance, constituted a nuisance as to the owner of property in
such close proximity to the wooden building as to be exposed
to the danger of fire communicated therefrom.   p. 396.

7.  NUISANCE.—*Private and Public Nuisance.—Abatement by*
*Person Aggrieved.*—An individual, who is aggrieved by the ex-
istence of a private nuisance, or who suffers some special in-
jury from a public nuisance, may abate such nuisance by his
own act, provided he can do so without a breach of the peace.
p. 397.

8.  NUISANCE.—*Wooden Building within Fire Zone.—Destruction*
*by Person Aggrieved.*—Where a wooden shed, located within a
fire zone in which the erection and maintenance of frame build-
ings was prohibited by municipal ordinance, was in such close
proximity to certain brick buildings as to subject them to the
danger of fire originating therein, the owner of such brick
buildings was warranted in destroying the shed, on its owner
failing to do so after notice, regardless of whether the main-
tenance of the shed in violation of the ordinance be considered
a public or a private nuisance.   p. 398.

9.  NUISANCE.—*Continuing Nuisance.—Frame Building Within*
*Fire Zone.—Abatement by Purchaser of Property in Neighbor-*
*hood.*—Where a wooden shed, standing within a fire zone in

violation of a municipal ordinance, was in such close proximity to certain brick buildings as to expose them to danger of fire originating therein, the owner of such brick buildings could destroy the shed on the owner's refusal to do so after notice, though he purchased the brick buildings when the shed was so standing, since the maintenance of the shed in violation of the ordinance constituted a continuing nuisance which such purchaser could abate, notwithstanding the fact that the purchase was made after the erection of the wooden building.  p. 398.

10. NUISANCE.—Abatement by Person Aggrieved.—Legality.—
—Motive.—The owner of brick buildings in such close proximity to a frame shed standing in violation a municipal fire ordinance as to be in danger of fire originating in the shed could lawfully destroy the shed, on the owner thereof failing to do so after notice, regardless of his motive in so doing.  p. 398.

11. EASEMENTS.— Private Way.— Obstruction.— Removal.—An obstruction placed in a private way is a nuisance, and may be removed by any person having the right to use the way, provided the removal can be accomplished without a breach of the peace.  p. 399.

12. EASEMENTS.—Evidence.—Deeds Constituting Links in Chain of Title.—Admissibility.—In an action in which the existence of easements in certain property was involved, deeds, though not sufficient to establish as easement, were admissible, where they constituted links in a possible chain of title thereto.  p. 399.

13. NUISANCE.—Wooden Building in Fire Zone.—Abatement by Person Aggrieved.—Existence of other Prohibited Structures.—Where a wooden shed, located within a fire zone in violation of a municipal ordinance prohibiting the erection and maintenance of frame buildings therein, was in such close proximity to brick buildings as to subject them to danger of fire, the owner of the brick buildings was warranted in destroying such shed as a nuisance, on refusal of the owner thereof to do so after notice, though there were other wooden buildings in closer proximity to such brick buildings than the shed destroyed.  p. 400.

14. NUISANCE.—Similar Nuisance in Vicinity.—One maintaining a nuisance is not justified or excused because others are maintaining a nuisance of a similar character.  p. 400.

15. APPEAL.—Waiver of Error.—Briefs.—Any question as to excessive damages, assigned as ground for new trial, is waived by failure of appellant to state in his brief any proposition or point addressed thereto.  p. 400.

From Clark Circuit Court; William Ridley, Special Judge.

Action by Adam Ehalt against Nathan Lipnik. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*George H. Hester,* for appellant.

*Jonas H. Howard* and *Jewett & Bulleit,* for appellee.

BATMAN, J.—This is an action by appellee to recover damages, alleged to have been sustained by reason of the destruction by appellant of a certain frame building which appellee was occupying as a tenant. The complaint is in a single paragraph. Appellant filed his respective motions to strike out certain parts thereof, and to make the same more specific, each of which was overruled. He then filed a demurrer thereto for want of sufficient facts, which being overruled, was followed by the filing of an answer consisting of six paragraphs. The first is a general denial. The second alleges that the frame building, mentioned in the complaint as having been destroyed by appellant, was not located upon the premises leased by appellee, and was not appurtenant thereto; that it did not belong to appellee or his lessor, and that neither of them had any rights in or to the same. The third paragraph alleges that the frame building in question was located upon a strip of ground, ten feet in width, in which appellant held an easement, as a means of ingress and egress to and from the rear of a building owned by him, adjacent to the premises occupied by appellee as a tenant; that said frame building, alleged to have been destroyed, was located upon said easement, and maintained by appellee and his lessor thereon; that it was necessary to remove the same in order to permit appellant to enjoy his rights in and to his said easement, and that in so doing he did no act not necessary to preserve his said rights. The fourth, fifth and sixth paragraphs are based on certain ordinances of the city of New Albany, establishing fire

limits therein, prohibiting the erection and maintenance of frame buildings within the same, and providing penalties for the violation thereof.  Each alleges in substance, among other things, that the building, alleged to have been destroyed by appellant, was a frame building, erected and maintained after the passage of the ordinance or ordinances on which such paragraphs are based, and in violation of the provisions thereof, and that by reason of such fact that neither appellee nor his lessor had any right at any time to erect and maintain said building; that said frame building was located in a section of the city which was closely built-up and devoted to business purposes; that it was built and maintained against a brick building which adjoined another brick building, owned and occupied by appellant as a business house, and as a residence for his family; that by reason of the material from which it was constructed, and its location, it was a menace to said adjacent buildings, including the one owned and occupied by appellant, by reason of the danger of fire originating therein, or being spread thereby; that more than two weeks prior to the happening of appellee's alleged grievance he notified appellee, and the owner of said building, to remove the same, but they failed and refused so to do; that appellant removed said building without any malice or desire to injure appellee, and only to protect his own rights, and for the safety of himself and his property.  A demurrer was filed and sustained to said fourth and fifth paragraphs of answer.  Replies in general denial were filed to the remaining paragraphs of answer, except the first.  The cause was submitted to a jury for trial, which returned a verdict for appellee in the sum of $150, together with answers to certain interrogatories.  Appellant filed a motion for judgment on these answers, notwithstanding the general verdict,

and also a motion for a new trial, each of which was overruled. From a judgment in favor of appellee on the general verdict, appellant is prosecuting this appeal.

Appellant's contention that the court committed reversible error in overruling his motion to strike out parts of the complaint cannot be sustained, as it

1,2. is well settled that a judgment will not be reversed because of an adverse ruling on a motion to strike out a part of a pleading. *Woodhams* v. *Jennings* (1905), 164 Ind. 555, 73 N. E. 1088; *Butt* v. *Iffert* (1909), 171 Ind. 554, 86 N. E. 961; *Brown* v. *Langner* (1900), 25 Ind. App. 538, 58 N. E. 745. We cannot sustain appellant's contention that the court erred in overruling his motion to make the complaint more specific, as it is well settled that the overruling of such a motion will not constitute reversible error, unless it is shown affirmatively to have injured appellant, and there is no such showing in this case. *Leimgruber* v. *Leimgruber* (1908), 172 Ind. 370, 86 N. E. 73, 88 N. E. 593; *Cleveland, etc., R. Co.* v. *Wolf, Admr.* (1920), 189 Ind. 585, 128 N. E. 38. Appellant's contention that the judgment in this cause should be reversed, be-

3. cause the court erred in sustaining the demurrer to his fourth and fifth paragraphs of answer cannot be sustained. The record shows that the court admitted evidence of all facts alleged in each of said paragraphs of answer, and at appellant's request submitted interrogatories to the jury pertaining thereto. It further appears that the only facts alleged in said paragraphs of answer, which were available to appellant as a defense under the evidence, were afterwards set up in his sixth paragraph of answer to which no demurrer was filed. Under these circumstances the ruling of the court on the demurrer in question was harmless.

Appellant contends that the court erred in overruling his motion for judgment on the answers to the interrogatories, notwithstanding the general verdict. In determining this question, we are only permitted to consider the pleadings, the answers to the interrogatories, and the general verdict. Chicago, etc., R. Co. v. Schenkel (1914), 57 Ind. App. 175, 104 N. E. 50. While the answers to the interrogatories disclose that the building in question was located in a district where wooden buildings were prohibited by certain ordinances of the city of New Albany, there is no finding as to where such building was located with reference to appellant's property, or that he sustained any special injury by reason of its existence in violation of such ordinances. By reason of this fact we conclude, for reasons that will more fully hereinafter appear, that the court did not err in overruling said motion.

Appellant contends that the verdict of the jury is not sustained by the evidence. This contention is based on a claim that the frame building in question was a nuisance, which he had a right to abate. The uncontradicted evidence shows, that continuously since 1886 the city of New Albany, Indiana, has had in force ordinances, which prohibited the erection and maintenance of wooden buildings within certain portions of its corporate limits; that the building in question was a small, cheaply-constructed wooden shed, which had been erected within such limits about 1899, and had been maintained therein continuously ever since; that appellant owned two brick buildings, one of which he occupied, in the immediate neighborhood of said wooden building, and so near thereto as to endanger them from fire originating therein, or communicated thereto. Under these facts, two questions are presented for our determination, viz.: (1) Was said

wooden building a nuisance? (2) and if so, Did appellant have a right to abate the same by his own act? An examination of the several statutes in force continuously since 1873, conferring powers upon cities, discloses that the city of New Albany was authorized to enact the ordinances in question. This being true, the erection and maintenance of the wooden building, alleged to have been torn down by appellant, so near to his property as to endanger the same from fire therefrom, constituted a nuisance. Baumgartner v. Hasty (1885), 100 Ind. 575, 50 Am. Rep. 830; Miller v. City of Valparaiso (1894), 10 Ind. App. 22, 37 N. E. 418; Kaufman v. Stein (1894), 138 Ind. 49, 37 N. E. 333. As said in the case first cited: "A wooden building is not in itself a nuisance, but when erected in a place prohibited by law, and where it endangers the safety of adjoining property, it may become a nuisance. * * * Where therefore, a valid municipal ordinance prohibits the location of wooden buildings within certain limits, and it appears as it does here, that the building is located within the prohibited district, and endangers the safety of surrounding property, it may properly be treated as a public nuisance, and as such abated." We are clearly of the opinion that the first question presented requires an affirmative answer. It is well settled that an individual, who is aggrieved by the existence of a private nuisance, may abate it by his own act, provided he can do so without a breach of the peace, and in like manner may abate a public nuisance, where he suffers some special injury therefrom. 29 Cyc 1214; 20 R. C. L. 489-491; 1 Am. and Eng. Ency. of Law 79, 80; State v. Flannagan (1879), 67 Ind. 140; Baumgartner v. Hasty, supra; Kaufman v. Stein, supra; Miller v. City of Valparaiso, supra; Trimmer v. Berkheimer (1915), 61 Pa. Super. Ct. 269; Colbert v. State (1912), 7 Okla. Cr. 401, 124

Pac. 78; *Walker* v. *Davis* (1917), 139 Tenn. 475, 202 S. W. 78; *Inhabitants of Marion* v. *Tuell* (1914), 111 Me. 566, 90 Atl. 484, 51 L. R. A. (N. S.) 1172; *Sullivan, etc., Co.* v. *Crockett* (1911), 158 Mo. 573, 138 S. W. 924; *Corthell* v. *Holmes* (1894), 87 Me. 24, 32 Atl. 715; *Brown* v. *DeGroff* (1888), 50 N. J. Law 409, 14 Atl. 219, 7 Am. St. 794. It has been held that a nuisance may be both public and private at the same time. *Kissel*

8. v. *Lewis* (1901), 156 Ind. 233, 59 N. E. 478; *Town of Carlisle* v. *Pirtle* (1917), 63 Ind. App. 475, 114 N. E. 705. Therefore, we need not consider the character of the nuisance in question, as under the undisputed facts of this case, as stated, appellant was warranted in abating the same in either event. We conclude that the second question presented must be answered in the affirmative.

Appellee cites the fact that the wooden building in question was standing in the place where it was when destroyed, at the time appellant purchased prop-

9. erty in that neighborhood, and asserts that this precludes him from exercising the right which he claims. The maintenance of such building in violation of the ordinances of said city, in such close proximity to the buildings purchased by appellant as to endanger them by fire therefrom, constituted a continuing nuisance, and appellant's right to abate the same, after he became the owner of such property, was not affected by the facts cited by appellee. */Kissel* v. *Lewis, supra; Ingersoll* v. *Rousseau* (1904), 35 Wash. 92, 76 Pac. 513, 1 Ann. Cas. 35; *Lohmiller* v. *Indian, etc., Co.* (1881), 51 Wis. 683, 8 N. W. 601. The case of *Bennett* v. *Lake Erie, etc., Co.* (1920), 75 Ind. App. 156, 127 N. E. 777, cited by appellee is not to the contrary. Appel-

10. lee has also challenged the motive of appellant in tearing down said wooden building. It

suffices to say in this regard that a bad motive will not make an act wrongful, which is in its essence lawful. *Gebhart* v. *Burkett* (1877), 57 Ind. 378, 26 Am. St. 61; *Moyer* v. *Gordon* (1887), 113 Ind. 282, 14 N. E. 476; *Whitesel* v. *Study* (1905), 37 Ind. App. 429, 76 N. E. 1010; *Guethler* v. *Altman* (1900), 26 Ind. App. 587, 60 N. E. 355, 84 Am. St. 313; *Dye* v. *Carmichael, etc., Co.* (1917), 64 Ind. App. 653, 116 N. E. 425.

Appellant's third paragraph of answer is based on a claim, that the wooden building in question, at the time it was torn down, was located on a strip of ground ten feet in width over which he had an easement, as a means of ingress and egress to and from his property. In support of this paragraph of answer appellant offered in evidence two deeds, which tended to prove the existence of such an easement. It is well settled that an obstruction placed in a private way is a nuisance, and may be removed by any person having the right to use the way, provided he can do so without a breach of the peace. 19 C. J. 988; 9 R. C. L. 801; *Greist* v. *Amrhyn* (1907), 80 Conn. 280, 68 Atl. 521; *Dickinson* v. *Whiting* (1886), 141 Mass. 414; *Freeman* v. *Sayre* (1886), 48 N. J. Law 37, 2 Atl. 650; *Schmidt* v. *Brown* (1907), 226 Ill. 590, 80 N. E. 1071, 117 Am. St. 261; *Blanchard* v. *Maxson* (1911), 84 Conn. 429, 80 Atl. 206; *Keplinger* v. *Woolsey* (1903), 4 Neb. (Unof.) 282, 93 N. W. 1008.

While the deeds in question, standing alone, would not have established an easement in appellant over the ground occupied by said wooden building, they constituted links in a possible chain of title thereto. The court, therefore, erred in refusing to admit the same in evidence.

It appears that during the trial the court, over appellant's objections, admitted evidence of the existence of

other wooden buildings, consisting of stables and sheds, in the immediate neighborhood of appellant's property, which are nearer thereto than the wooden building in question, and refused to instruct the jury that the fact that other wooden sheds were permitted to stand in the same locality in violation of the city ordinance, would not justify the maintenance of the building destroyed. It is well settled that the fact that other persons are violating a municipal ordinance in the same manner, or maintaining a nuisance of similar character, is not available as a matter of justification or excuse. *Dennis* v. *State* (1883), 91 Ind. 291; *Pittsburgh, etc., R. Co.* v. *Town of Crothersville* (1902), 159 Ind. 330, 64 N. E. 914; *Robinson* v. *Baugh* (1875), 31 Mich. 290; *Perrin* v. *Crescent City, etc., Co.* (1907), 119 La. 83, 43 South. 938, 12 Ann. Cas. 903. The facts stated above disclose error in the rulings of the court.

One of the reasons on which appellant bases his motion for a new trial is that the damages assessed by the jury are excessive. This reason, if properly presented, would raise the question as to whether the evidence would sustain the amount of the verdict, even if appellee was entitled to recover in view of the undisputed fact that he was at most only a tenant of the building in question, which was maintained in violation of a municipal ordinance, and therefore might be torn down by the constituted authorities at any time. But appellant has waived any such question by failing to state any proposition or point, based on such reason, in that portion of his brief devoted to such purpose. Appellant has presented a number of errors based on the action of the court in giving and refusing to give a number of instructions, which we deem unnecessary to consider, as that we have said in determining other questions will be a sufficient guide for the preparation

of instructions on another trial on the principal questions involved in this action. For the reasons indicated the judgment is reversed with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.